## J. M. KENNISON V. THE STATE.

No. 10133.   Delivered April 21, 1926.

Rehearing denied May 26, 1926.

**1.—Failure to Stop and Render Aid—Continuance—No Diligence Shown—Properly Refused.**

Where the case against appellant had been on file from September 17, 1925, to November 17, 1925, a motion for a continuance made on the last named day on account of the absence of a witness for whom no application for a subpoena had been applied for, was properly overruled.

**2.—Same—Remarks of Trial Judge—Not Improper.**

Where the trial judge during the examination of a witness in an effort to clarify a question asked by state's attorney, and which was not clearly answered by the witness, propounded the question to the witness, no injury being shown, no error is presented.

**3.—Same—Evidence—Harmless, if Error.**

Where, on a trial for failing to stop and render aid after a collision with an automobile, appellant objects to the testimony of a statement made by the driver of the auto collided with that he wondered if the car colliding with his was going to pass, while such remark was properly a part of the res gestae, if erroneously admitted no injury is perceived in the admission.

**4.—Same—Bill of Exception—Insufficient—No Error Shown.**

Where the appellant's objection to a question propounded by the

state to a defense witness, without pointing out wherein the testimony admitted was material to the issues involved in the case, and does not make the relevancy and materiality of his objection appear by such statements in the bill as will enable this court to determine whether or not the objection was well founded, no error is presented.

### 5.—Same—Remark of Court—Not Improper.

It was not improper for the court, when a witness was expressing his opinion in answer to a question propounded to say to the witness, "Wait a minute. Don't tell what you are thinking." It might be more in keeping for the court merely to sustain the state's objection, or to instruct the jury not to consider the opinion of the witness, but no possible injury was done by the court in merely admonishing the witness not to express his opinion.

### 6.—Same—Evidence—Cross-Examination—Held Proper.

Where a witness for appellant on his cross-examination when asked by the state if appellant was mad, or appeared angry, on the afternoon of the accident, and replying in the negative, it was proper for the state to then ask him if he had not testified before the grand jury that appellant was mad, and exhibit to him a statement made and signed by him before the grand jury, for the purpose of refreshing his memory or for impeachment purposes if necessary.

### 7.—Same—Evidence—Harmless, if Error.

Where the evidence clearly disclosed an intentional collision on the part of appellant with a car occupied by a number of people, resulting in the injury of several of the occupants, there was no material error in permitting the state to prove by appellant on cross-examination that he was married, and especially so when the jury were instructed not to consider the answer of the witness, when the objection was interposed.

ON REHEARING.

### 8.—Same—Continuance—No Diligence Shown—Properly Refused.

On rehearing appellant presents that we did not pass upon his application for a continuance on account of the absence of a state witness. There was a complete lack of diligence in regard to the absent witness, nor is there an affidavit attached to his motion for a new trial showing the truth of the matters stated as those expected to be proved by him, and no error is shown in the refusal of the continuance.

Appeal from the District Court of Potter County. Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction for a failure to stop and render aid after a collision with an automobile, penalty a fine of $250.00 and six months in the county jail.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Potter County of failing to stop and render aid, punishment fixed at a fine of $250.00 and six months in the county jail.

Appellant was charged under Art. 1150 of the 1925 P. C. with the operation of a motor vehicle which struck and collided with another vehicle containing people and that he failed to stop and render aid to the occupants of the vehicle so collided with. Without stating at any length the testimony, we think it amply sufficient to support the jury's conclusion that appellant did collide with another car and that persons were injured thereby, and that he failed and refused to stop and render them any aid or assistance.

There are a number of bills of exception. The first complaint is of the refusal of an application for continuance made during the trial. Our statute (Art. 616, Vernon's C. C. P.) provides for the granting of a continuance during a trial when proper application is made therefor showing that something has occurred since the trial began which could not have been fore-seen by the use of reasonable diligence. The instant application was made because of the absence of a witness who was on the car collided with, for whom no process had been issued, not-withstanding the case had been on file from September 17, 1925, to November 17th of said year, same being the date of the trial. This wholly fails to show that anything occurred during the trial which could be asserted by appellant as a matter of sur-prise which no reasonable diligence could have averted.

There is complaint at the action of the learned trial judge because of a statement made by him, apparently in an effort to clarify a question asked by the state's attorney. It appears that the district attorney asked Dr. Patton the following ques-tion: "State whether or not, in your medical opinion, it is necessary for them (persons injured) to have medical attention, to determine whether or not—to ascertain the extent of their injuries and whether or not they need medical attention?" and the witness answered: "It is impossible to say. Some that never get medical attention survive; and some that get the best die," and at this point the trial judge said: "Well, he asks, however, whether or not, in a wreck that rendered persons unconscious, whether medical attention is necessary to see what is the matter with them." This last is the matter objected to. We do not think the action of the trial judge, in so stating capable of any injury to appellant.

We are not able to fully comprehend the point in appellant's

bill of exceptions No. 3. It sets out an apparent colloquy between a state witness and counsel for appellant, same being concluded by a statement made by the witness, as follows: "Well, I heard the boy say so. He said, 'I wonder if they are going to pass or not.'" This matter apparently related to a statement made by the young man who was driving the car which was occupied by the persons injured in the collision, at or just prior to the occurrence. The bill shows that at this point appellant's counsel requested the witness to not tell the jury what she had heard, but only what she knew. If we understand the bill, appellant objected to this statement made to him by the witness, upon the ground that it was not a part of the res gestae and not uttered in the presence of the accused; also that in response to an inquiry made of the witness by the court it was brought out that this statement was made very near the time of the collision. We are of the opinion the statement was res gestae, but if there existed any doubt as to the correctness of this position, we would not hold the matter one of any serious import. It is the statement of the driver of the car to the effect that he wondered if they were going to pass or not. The state's theory was that appellant drove up opposite the car of the other parties and so near it for a distance that the fenders of the cars were scraping, and that he then drew away and ran into the car, apparently on purpose, and knocked it in the ditch. Appellant's theory was that he passed the car and did not know he struck it. We are unable to perceive how the observation of the driver of the car as to whether they were going to pass or not, could be considered hurtful.

Appellant also has a complaint of questions propounded to defense witness Johnson by the district attorney relative to a statement made by him before the grand jury. It is stated that the district attorney handed the witness a statement in writing and that witness admitted that he had signed the statement and claimed it was the truth; that the district attorney started to read from the statement and did read, as follows: "Did you make this statement to the grand jury: Merrill Kennison ..." At this point the defense interposed an objection, which the court overruled and the district attorney propounded the following question: "Did you make this statement to the grand jury: 'Merrill, in reply to statement of girls that they would not do anything, told them they could get out and walk.'" The materiality of this testimony, or its relation to the issues involved in this case, is not made to appear in the bill of

exceptions from any standpoint. The rule is well settled that one who reserves his exception must make the relevancy and materiality of his objection appear by such statements in the bill as will enable this court to determine whether the objection was well founded or not.

Another bill complains that in response to a question to the defense witness Johnson, as to whether he knew that appellant knew that the car had been wrecked, witness answered that he did not think appellant knew that it was wrecked, or anything like that; that upon the district attorney objecting to the answer of the witness, the court remarked: "Wait a minute. Wait a minute. Don't tell what you are thinking." This remark of the court was objected to by appellant substantially on the ground that the court ought not to make such a statement. We do not think the statement an improper one. It might be more in keeping for the court merely to sustain the state's objection, but for the court to tell the witness not to state what he was thinking, or to instruct the jury not to consider an answer improvidently made, which consisted of opinion of the witness, would not seem to be wrong.

Another bill complains of the cross-examination of defense witness Johnson, and that he was asked whether or not appellant was mad on the evening of the collision. Upon objection by appellant the court told the state's attorney that he might ask if the accused appeared to be angry, whereupon the state's attorney changed his question and asked Johnson if appellant appeared to be angry on said occasion, to which witness replied that he did not know whether he was or not; that if he was he did not say he was mad, that defendant did not appear to be angry or mad. Thereupon the state's attorney asked Johnson if he had told the grand jury that defendant was mad, and he replied that he told the grand jury he would not swear defendant was mad or not mad, because he was no mind-reader. At this juncture the state's attorney read from a written statement admittedly made by Johnson before the grand jury, the following: "He was mad," and asked Johnson if he made that statement to the grand jury. It appears that the witness then testified that the grand jury asked him if defendant was mad and he told them that he did not know whether he was or not, that he read part of the statement before he signed it, and part of it he could not read; that he did not know whether he knew the statement was in the written statement at the time he signed it before the grand jury. We

perceive no error in this matter. The written statement was never introduced in evidence, and we think it proper to ask the witness for the purpose of refreshing his recollection, or for impeachment purposes if necessary, regarding his testimony before the grand jury.

We perceive no material error in the state's question to appellant wherein he was asked if he was married. If erroneous, it was cured by the withdrawal of same by the court, and the jury were instructed not to consider same. The evidence overwhelmingly showed an intentional collision on the part of appellant with a car occupied by a number of people. Two of the occupants of the car were thrown out as a result of the collision and one of them badly hurt. There is no dispute of the proposition that appellant did not stop or pay any attention to the result of his act. There was some evidence that his witness Johnson, who was in the car with him, made some effort to get assistance later.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The only complaint made in appellant's motion is that we did not pass on the supposed error in the refusal of an application for postponement or continuance of the case because of the absence of a state witness. The court's qualification to the bill of exceptions taken to this matter shows an entire lack of diligence in regard to the absent witness, who lived in the town and county of the forum; nor is there an affidavit attached to the motion for new trial showing the truth of the matters stated as those expected to be proved by him. Appellant's complaint is without merit.

The motion for rehearing is overruled.

*Overruled.*