## W. T. DUNN v. THE STATE.

No. 11262.   Delivered April 25, 1928.
Rehearing denied State October 24, 1928.

The opinion states the case.

*Truett & Neathery* of McKinney, for appellant.

*Nat. Gentry, Jr.,* of Tyler, *J. E. Abernathy,* County Attorney of Collin County, *W. C. Dowdy,* Assistant County Attorney of Collin County, and *A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is knowingly becoming indebted to a state bank by an officer without first having obtained the written consent of the majority of the board of directors; the punishment confinement in the penitentiary for ten years.

Appellant was cashier of the Altoga State Bank. He was indebted to Higgenbotham-Bailey-Logan Company in the sum of five hundred dollars, and gave in payment of said indebtedness a check in the sum of five hundred dollars drawn upon the Altoga State Bank. The state's testimony showed that said check was paid out of the funds of the bank by appellant, although he did not have the amount of the check to his credit. It is further shown by the state that the bank was not indebted to appellant in the amount of five hundred dollars. Hence it was the state's theory supported by sufficient evidence that appellant became indebted to the bank while cashier thereof in the sum of five hundred dollars without first having obtained the written consent of the board of directors. Appellant testified that the bank owed him a larger sum than that represented by the check.

Bill of exception Number 6 presents the following occurrence: Appellant offered in evidence a deed of trust which he and others had executed to Clint Farley as trustee for the purpose of securing payment to Altoga State Bank of the amount involved in the present prosecution as well as other sums which appellant had borrowed from said bank. The deed of trust was admitted in evidence over the objection of the state. In admitting said instrument the court made remarks in the presence and hearing of the jury as follows:

"No officer of the bank and no officer of the banking department can authorize anybody to violate the law. The court holds that the evidence offers no defense to the charge but that the jury may consider it in mitigation of the punishment, in case they should find the defendant guilty, and for no other purpose."

Appellant excepted to such remarks. The remarks were obviously intended for the jury. We are constrained to the view that the

learned trial judge fell into error and that such remarks being obviously prejudicial to appellant call for a reversal of this case. The jury were the exclusive judges of the credibility of the witnesses and the weight to be given to their testimony. In addressing the jury in the language above set forth, the court invaded the province of the jury, inasmuch as such language was not free from the imputation that the court was of the opinion that the state's testimony was true and that appellant was guilty as charged. In advising the jury that neither an officer of the bank nor an officer of the banking department could authorize one to violate the law, the imputation was present that the action of the officers of the bank in accepting the deed of trust was tantamount to an attempt on their part to authorize appellant to do an act forbidden by the statute. In its last analysis, the language complained of was subject to the construction that the court believed that the testimony of the state was true and that the deed of trust could have no effect other than to show that the directors of appellant's bank, knowing that he had violated the law, attempted to aid appellant in evading the consequences of his illegal act. Article 707 C. C. P. provides:

"In ruling upon the admissibility of the evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage in the proceedings previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case."

It is seen from the above article that the remarks complained of were violative of the statute itself. The legislature, in enacting Article 707, supra, recognized the fact that the position of the trial judge carries great influence and that his opinion is naturally received by juries with deference. In order to guard against the invasion by the judge of the province of the jury in determining the credibility of the witnesses and the weight to be given to their testimony the statute in question was enacted. In Lagrone v. State, 84 Tex. Cr. Rep. 609, Judge Morrow said:

"To the jury the language and conduct of the trial court have a special and peculiar weight. The law contemplates that the trial judge shall maintain an attitude of impartiality throughout the trial. Jurors are prone to seize with alacrity upon any conduct or language of the trial judge which they may interpret as shedding light upon his view of the weight of the evidence, or the merits of the issues involved. The delicacy of the situation in which he is placed requires

that he be alert in his communications with the jury not only to avoid impressing them with any view that he has, but to avoid in his manner and speech things that they may so interpret."

The verdict being much above the minimum and the language of the court being reasonably susceptible of being construed by the jury as indicative that the trial judge entertained an opinion adverse to appellant's case, we believe that in the light of the evidence it becomes our duty to order a reversal. See Chambers v. State, 282 S. W. 235; Ables v. State, 281 S. W. 858; Fountain v. State, 241 S. W. 489.

Other questions presented have not been discussed for the reason that they are not likely to arise in the same form on another trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

The state has filed a motion for rehearing which contains statements explanatory of the bill of exception upon which reversal was predicated, which explanations—if we were permitted to consider them—might aid us in appraising the bill, but we are bound by the recitals of the bill as found in the record. Nothing contained in the original opinion is to be construed as intimating that this court entertained the slightest idea that the learned presiding judge had the remotest purpose to injure appellant by the unfortunate language employed. The fairness of the trial judge is reflected from the records of his court generally and precludes the idea of any intentional injury, but the probable effect upon the jury of the language used in announcing the court's ruling cannot be discounted.

In its motion the state expresses regret that we did not discuss the questions raised by bills of exception numbers 3, 4, 5, 8 and 11. With the mass of work confronting this court it is impracticable to discuss in detail all bills of exception and especially is this true when we feel impelled to base reversals upon some particular bill. We may have misapprehended the import of the bills designated, but considering appellant's evidence and the record in its entirety they were not thought to present error.

The state's motion for a rehearing is overruled.

*Overruled.*