R. C. Speers v. The State.

No. 11634. · Delivered May 30, 1928.

The opinion states the case.

*Clark Wills* of Amarillo, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, failure to stop and render aid after striking a person with an automobile, penalty confinement in the county jail for thirty days and a fine of $500.

Appellant and Fred Faris were employees of a wholesale and retail tire concern in Amarillo and as such had the use of trucks to drive. On the night in question appellant and Fred Faris were in one of their employer's trucks, and picking up two companions, they went north on the public highway a few miles and returning to Amarillo ran over and fatally injured one T. H. Graham. Testimony was introduced that Graham at the time was intoxicated. Fred Faris was driving the truck at the time and appellant and one Elliott were in the front seat with him. According to testimony introduced by appellant, the injury to Graham was an unavoidable accident. No eyewitnesses for the state denied this or testified to any circumstances rebutting such theory. It further appears that when appellant and his companions left the scene, the injured party was in charge of and being cared for by others, and that appellant and Faris, learning of the serious nature of Graham's injury, consulted with their employers, and went immediately to the sheriff's office. Appellant was not driving nor in any way assisting in the operation of the truck when the injury occurred.

Since the case must be reversed because of the prejudicial character of questions and remarks of the court, we do not pass on the sufficiency of the evidence.

The record shows the trial court on several occasions interrupted the examination of witnesses with questions. Some of these are not presented by bills of exception. The two presented by proper bills are as follows: The state used one of appellant's companions on the said trip as a witness, whose testimony was rather favorable to appellant. Asked by the state if, at the time of the occurrence, anything was said about running over that man, the witness answered he did not remember. The court, without any apparent excuse, immedi-

ately remarked in the presence of the jury: "If you remember it you had better be telling it. I don't know whether you do or not." Again witness was asked about a statement he had made out of court. During an argument between counsel over this, the court remarked: "If he has made a sworn statement here and another one somewhere else, the remedy against him is perjury and not to introduce a statement he made in the case. I think you have to examine these witnesses about these statements outside of the presence of the jury." These remarks with the attendant circumstances were such as to make it plainly apparent, we think, to the jury that the court was of the opinion this witness was concealing something to assist appellant and was probably guilty of perjury. Both remarks of the court were improper, and violative of Art. 707, C. C. P., which expressly inhibits any remark calculated to convey to the jury the court's opinion of the case, or any comment upon the weight of the evidence. For cases supporting these views see: Pharr v. State, 7 Tex. Crim. App. 472; Harrell v. State, 39 Tex. Crim. Rep. 204; Johnson v. State, 9 Tex. Crim. App. 558; Moncallo v. State, 12 Tex. Crim. App. 171; Drake v. State, 65 Tex. Crim. Rep. 282; Mitchell v. State, 65 Tex. Crim. Rep. 545; McGee v. State, 37 Tex. Crim. Rep. 668.

A verdict of guilty under the character of evidence found in this record makes an injury to the appellant from the above more than a probability. It seems practically certain that the court's action contributed to, if it did not in fact directly cause the return of such a verdict. At least, the probability of injury is too great to be overlooked.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.