Obbie Davis, Jr. v. The State.

No. 12673.   Delivered December 11, 1929.
Rehearing denied State January 29, 1930.
Reported in 24 S. W. (2d) 417.

The opinion states the case.

*Gentry & Gray* of Tyler, *Scott, Casey & Hall* of Marshall, *Long & Strong* of Carthage and *P. O. Beard* of Marshall, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, Judge.—The offense is murder; the punishment confinement in the penitentiary for fifteen years.

The homicide occurred at a gin near the home of deceased, Chapman Jarrell.   Appellant's father and deceased had had some

trouble several years prior to the homicide. They were not on speaking terms. Deceased lived on a highway. He had stretched a wire in front of his house for the purpose of keeping people from driving near the front of the house. Someone had broken the wire. It appears that deceased thought that appellant or one of his brothers had broken the wire. Appellant offered testimony to the effect that deceased had threatened him and his brothers.

It was the state's theory, given support in the testimony, that appellant and his brother, Frank Davis, came to the gin and shot deceased with shotguns, and that deceased did not fire at appellant until he had been fired upon. Appellant testified that his brother had advised him that deceased had threatened him, drawn a pistol on him and driven him away from the gin when he went to get his cotton; that he (appellant) immediately went back to the gin with his brother for the purpose of protecting him; that upon his arrival at the gin deceased shot him with a pistol; that thereupon he fired three shots in rapid succession at deceased; that his brother Frank did not shoot deceased. It was undisputed that deceased shot appellant with a pistol.

The court charged upon self-defense. Under the facts of this case, in order to resolve the issue in favor of appellant, it was necessary for the jury to find that deceased fired the first shot. As disclosed by bill of exception No. 3, state's witness Ross had testified on direct-examination that he heard the shots exchanged between appellant and deceased, and that the gun making the loudest report was fired first. In this connection, it is again stated that appellant used a shotgun and deceased a pistol. On cross-examination, appellant sought to show that the case had theretofore been continued because of the absence of the witness, and that the witness had at the time been at work, notwithstanding he had sent to the court a certificate of a physician that he was ill. The state objected to the testimony as being irrelevant and immaterial. Whereupon appellant's counsel stated to the court that said testimony was offered as tending to show the interest of the witness. The court replied, in the presence and hearing of the jury, that he could not see where it would show interest; that it showed lack of interest and indifference. Proper exception was taken to this remark. Article 707, C. C. P., provides:

"In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage in the proceedings previous to the return of a ver-

dict, make any remark calculated to convey to the jury his opinion of the case."

The remarks complained of were violative of the statute. While inhibited by the statute, improper remarks of the judge not calculated to operate prejudicially to the accused will not be made the ground of a reversal. Branch's Annotated Penal Code of Texas, section 270; English v. State, 213 S. W. 632. The witness had given testimony which, if believed, was destructive of appellant's theory of self-defense. If the witness had no interest in the case, it is reasonable to conclude that the jury would give great weight to his testimony. The remark of the trial judge implied his belief that the conduct of the witness evidenced the fact that he was a disinterested witness. Such remark was susceptible of appropriation by the jury against appellant upon the question of his credibility and that of Ross. In Lagrone v. State, 209 S. W. 411, this court said:

"Jurors are prone to seize with alacrity upon any conduct or language of the trial judge which they may interpret as shedding light upon his view of the weight of the evidence, or the merits of the issues involved."

We do not feel justified in saying that the remark in question did not prejudice appellant's case. Dunn v. State, 9 S. W. (2d) 1035; Lahon v. State, 265 S. W. 392.

The witness Ross testified, as shown by bill of exception No. 4, that as he was going to the scene of the killing, he saw appellant and Frank Davis with shotguns. Upon cross-examination appellant sought to lay predicate for impeaching the witness by proof of the fact that the wife of the witness had accused him of swearing a falsehood on a former trial of the case when he testified that he saw appellant and Frank Davis with shotguns. The bill shows that witnesses would have testified that such accusation was made in the presence of the witnesses and that Ross made no reply thereto, notwithstanding his wife stated to him that she was with him and that they did not meet appellant and Frank Davis. We think appellant should have been permitted to lay the predicate for impeaching the witness. If the accusation was made and the witness made no denial, his silence might be taken as a confession on his part that he had sworn falsely.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The state has filed a motion for rehearing to which is attached the affidavits of jurors, the effect of which, if considered, would be to contradict a recital of fact in a bill of exception that certain statements made by the trial judge, "were made in the presence and hearing of the jury." These affidavits have no place in the record and will not be considered. If the state desired to make an issue on whether or not the jury had heard the judge's remark it should have been done in the trial court on the hearing of motion for new trial; the evidence regarding the matter might then have been brought forward in the record for our proper consideration.

The state further requests that if our original opinion be adhered to that in view of another trial we discuss the matter presented in bills of exception numbers seven and eight. The bills are not elaborated to any extent, but examining them in the light of all the evidence it occurs to us that admitting testimony of the sheriff—which in effect was the expression of his opinion as to the relative position of the parties at the time of the homicide,—was of doubtful propriety.

Deceased was shot with a shotgun, and appellant received a pistol wound during the difficulty. It was the theory of the state that appellant and his two brothers were all parties to the shooting; that one of the brothers fired at deceased from a position some distance removed from appellant; and that appellant fired one of the shots, both shots taking effect. The evidence tended to support the theory of the state that appellant and his brothers had entered into a conspiracy to kill deceased, and that the two shots referred to were fired at deceased before deceased shot appellant with a pistol. Appellant testified that he and deceased did not change their positions during the time the shots were being fired, his version being that deceased fired upon him with a pistol, and that he thereupon fired three shots in rapid succession towards deceased. He said his brothers fired no shots, but that he and deceased alone were involved in an exchange of shots. Had appellant's theory been accepted, the jury would necessarily have discarded the theory of the state that appellant and his brother fired upon deceased before deceased made use of his pistol.

The pattern of one of the shots taking effect in deceased was larger and more scattered than that of the other shot. Touching his opinion as to the relative position of the parties, as disclosed by bill of exception number eight, the sheriff testified as follows:

"I understand your question is: Can a man with a shotgun fire from the same place at the same object, they both standing there and remaining in the same place, with a shotgun, and fire two shots, and one shot cause a scattered pattern on the object and the other enters a small hole that scatters not at all and makes a hole you can put your fist in—and in answer to that I will say it could not be done."

It is doubtful if the meager predicate laid as shown in bill number eight was sufficient to admit the opinion there expressed. As disclosed by bill of exception number seven, the sheriff testified, in substance, that it was his opinion that the shots taking effect in deceased were fired from different distances.

In giving this testimony the sheriff—although not present at the homicide,—was permitted to state, in effect, the opinion that the relative position of the parties at the time of the shooting was not as testified to by appellant. Appellant's guilt or innocence depended upon the solution of the issue of self-defense. This solution against appellant was aided by the opinion of the sheriff as to the relative position of the parties at the time of the shooting. It is the rule that neither a non-expert nor an expert witness may thus be permitted to give an opinion upon the very issue the jury are impaneled to try and about which the jurors are as well qualified to speak as the witness. One of the latest cases is Boles v. State, 108 Tex. Cr. R. 204, 299 S. W. 407, in which almost the exact question was discussed as is here presented in bill number seven. Many authorities are collated in the Boles opinion to which reference is here made without again listing them. Giving effect here to the rule controlling, we think upon another trial the opinion of the sheriff should be rejected.

We have again examined the matters upon which a reversal was predicated. We are unable to reach the conclusion that our original disposition of the case was incorrect.

The motion for rehearing is overruled.

*Overruled.*