JOHN KENNEDY v. THE STATE.

No. 16623. Delivered April 4, 1934.

The opinion states the case.

*T. H. Briggs,* of Gilmer, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor; the punishment, confinement in the penitentiary for five years.

A deputy sheriff testified that he bought a pint of whisky from appellant on the 5th of August, 1933, at the "Barbecue Pit." Appellant did not testify, but introduced several witnesses who testified that appellant was not at the place of the

sale on the occasion in question, but was in Gladewater, which was several miles away. One of appellant's witnesses testified that one Buck, who was at the "Pit" at the time in question sold a pint of whisky he and Buck had found. He did not know the name of the purchaser.

Bill of exception No. 2 presents the following occurrence: Frank Lewis, a witness for appellant, testified that he was with appellant in the town of Gladewater on the occasion of the alleged sale of the whisky. The testimony of this witness, if believed, would have entirely exonerated appellant. After the witness left the stand he returned to the courtroom and stated that he desired to correct his testimony. Taking the witness stand in the presence of the jury, he testified: "I did not see John Kennedy August 5, 1933 (the occasion of the sale of the whisky)." In the presence and hearing of the jury the trial judge asked the witness the following question: "Who got you to come and swear a lie in this court?" Appellant timely and properly excepted to the remark of the court. At the request of counsel for appellant, the jury were at this juncture removed. The witness did not answer the question propounded to him by the court in the presence of the jury. When the jury were returned, State's counsel elicited from the witness testimony to the effect that appellant had asked him to testify that he was with him in the town of Gladewater and that he (the witness) had testified for the purpose of helping appellant.

As the matter was presented to the jury, it was their prerogative to determine whether the witness stated the truth when he testified in behalf of appellant, or whether the retraction of his testimony constituted a true statement of the matter. The question propounded to the witness by the trial judge in the presence of the jury was equivalent to a statement by the court that the witness had in the first instance testified falsely. Thus on a question to be determined by the jury the weight of the court's opinion went into the scales against appellant. Article 707, C. C. P., provides:

"In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceedings previous to the return of a verdict, make any remark calculated to convey to the jury his opinion of the case."

That the remark was a comment on the weight of the testimony the witness had theretofore given, and conveyed to the jury the impression that the trial judge deemed such testimony

false is obvious. We are constrained to hold that the matter presents reversible error.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.