## P. L. McINTYRE v. THE STATE.

No. 21552. Delivered April 9, 1941.

The opinion states the case.

*E. A. Blair* and *John M. Steele,* both of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the offense of swindling by means

of giving a worthless check, and by the jury given a penalty of twenty months in the county jail.

We think the testimony is sufficient to support the verdict of guilt.

There are numerous bills of exceptions in the record, which will not necessarily be noticed on account of the matters found set forth in bill No. 1. This matter can be understood by quoting the trial court's qualification to such bill No. 1, as follows:

"QUALIFICATION: IN THE ABOVE BILL:

"The County Attorney asked the defendant, P. L. McIntyre, if he had ever been convicted on a worthless check case, to which question the defendant answered that he had not, whereupon the Court pointed his finger at the defendant, P. L. McIntyre, and said 'be careful and do not perjure yourself; you are supposed to tell the truth.' Thereupon, both counsel for the defendant, E. A. Blair and John Steele said they wanted a Bill of Exception to the court's remarks, and the Court told them they could have as many bills as they wanted. Thereafter, John Steele moved that the jury be dismissed and a new trial granted, and the Court overruled such motion, to which ruling of the Court the defendant then and there excepted, all of which actions occurred in the presence of the jury."

Art. 707, C. C. P. reads as follows:

"In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceedings previous to the return of a verdict, make any remark calculated to convey to the jury his opinion of the case."

And in commenting on this statute, it is said in 42 Tex. Jur., p. 186:

"The Legislature, in enacting the statute above set forth, recognized the fact that the position of the trial judge carries great influence and that his opinion is naturally received by juries with deference. In order to guard against an invasion by the judge of the province of the jury in determining the credibility of the witnesses and the weight to be given to their testimony, the statute was enacted. A similar restriction is imposed upon the court by article 658 of the Code of Criminal Procedure, 1925, relating to the charge to the jury. And another statute expressly makes the jury the judge of the

credibility of the witnesses and the weight to be given to their testimony. Article 707 is said to be in aid of this statute.

" 'The law contemplates that the trial judge shall maintain an attitude of impartiality throughout the trial. Jurors are prone to seize with alacrity upon any conduct or language of the trial judge which they may interpret as shedding light upon his view of the weight of the evidence, or the merits of the issues involved. The delicacy of the situation in which he is placed requires that he be alert in his communications with the jury, not only to avoid impressing them with any view that he has, but to avoid in his manner and speech things that they may so interpret.' "

Again, in the same work, 194, it is said:

"Error is committed by the use of language which is calculated to cause the jury to discredit the witness, or which conveys to the jury the impression that the judge deems a witness' testimony to be false."

See Davis v. State, 24 S. W. (2d) 417; Speers v. State, 7 S. W. (2d) 87, and cases therein cited; Robertson v. State, 282 S. W. 587; Kennedy v. State, 70 S. W. (2d) 149, 126 Texas Cr. R. 82; Pharr v. State, 7 Ct. App. 472.

We are of the opinion that reversible error is shown in bill No. 1, and the judgment is therefore reversed and the cause remanded.