FRANK MCDONALD V. THE STATE.

No. 23303. Delivered March 13, 1946.

212

The opinion states the case.

*T. R. Odell,* of Haskell, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The offense is possessing intoxicating liquor in a dry area for the purpose of sale. The punishment assessed is a fine of $150.00.

The appellant, together with other members of his family, lived in a semi-business house known as the Green Lilly Cafe. Three rooms were used for sleeping purposes; a fourth was a kitchen, in which meals were sometimes served to others. The arrangement of the premises, the proximity of the rooms of the kitchen, and its use, are not clearly shown. The premises were searched by the marshall, who found two pint bottles of whisky in a pasteboard box under a bed, which appellant admitted belonged to him. He also found a pint bottle, about half full of whisky, in the kitchen and two quarts of wine in a suit case or trunk in another room. This container was locked and evidence fixing it in the possession of appellant's immediate family is not as clearly shown as might be if a more definite description of the premises were given. In fact, we cannot be certain just where the state's evidence places the container with the wine. We are of the opinion that the pint bottle containing some whisky, in the kitchen, is not shown to be under the control of appellant and cannot be utilized, together with the two pints of whisky, to make a prima facie case. If the state's evidence may be construed from the state's standpoint, to place the two quarts of wine in appellant's possession, then the jury would be authorized under proper instruction to

find him guilty as charged. In view of another trial of the case, we would suggest that this evidence be clarified if possible.

In our opinion bills of exception Nos. 8, 12 13 and 14 reflect reversible error. Objection to the introduction of certain testimony was overruled by the court with explanation, in the presence and hearing of the jury, that it was admitted for a certain purpose and with a certain effect. This we consider in violation of Article 707, Vernon's Ann. C. C. P., which says that the judge shall not discuss or comment on the weight of the evidence, or its bearing in the case. This is a mandatory provision of the statute and requires a reversal of the case. Herridge v. State, 76 S. W. (2d) 522; Wilson v. State, 145 S. W. (2d) 890; McIntyre v. State, 149 S. W. (2d) 966.

Other bills complain of evidence from witnesses who say they purchased whisky at the house of appellant. In view of the nature of the premises, this evidence would not be admissible against appellant unless he is shown to have some connection with it.

The judgment of the trial court is reversed and the cause is remanded.