PHILL O'BRIEN V. STATE

No. 31,811. April 6, 1960

*Gassaway & Allen,* by *Walter J. Norman, Jr.,* of Counsel, Borger, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is contributing to the delinquency of a minor; the punishment, 90 days in jail and a fine of $90.00.

In view of our disposition of the case, a recitation of the facts will not be deemed necessary other than to recite that the information charged appellant induced the prosecutrix to have pictures taken of her body in various stages of undress, "said pictures being injurious to the health, welfare and morals of the said * * * ." During the state's examination-in-chief of prosecutrix, she was asked if appellant ever gave her anything to drink; appellant's counsel objected, and the court had this to say in ruling on the objection:

"Pardon me, young man; let me tell you this. That this complaint goes on and futher says, 'injurious to her health, welfare, and morals.' If you will read that part of it, that's the reason I am permitting all of this testimony to go in."

Appellant promptly objected to the remarks of the court as being a comment upon the weight of the evidence, and such objection was overruled.

In McDonald v. State, 149 Tex. Cr. Rep. 211, 193 S. W. 2d 216, this court reversed a conviction where the trial court told the jury that certain evidence was admitted for a certain purpose.

In Niles v. State, 104 Tex. Cr. Rep. 447, 284 S. W. 568, this Court reversed a conviction where the trial court told the jury why certain evidence was admissible. See also Wilson v. State, 140 Tex. Cr. Rep. 424, 145 S. W. 2d 890, Dunn v. State, 110 Tex. Cr. Rep. 616, 9 S. W. 2d 1035, Horn v. State, 106 Tex. Cr. Rep. 190, 292 S.W. 227, Chambers v. State, 103 Tex. Cr. Rep. 674, 282 S. W. 235, and Moncallo v. State, 12 Tex. App. 171, which all

hold that Article 707, V.A.C.C.P., is violated when the trial court comments on the admissibility of evidence.

Clearly these remarks of the trial court were prejudicial to appellant's rights because the effect thereof was to inform the jury that it might consider the fact that appellant gave prosecutrix intoxicants in arriving at a conclusion of his guilt, whereas he had been charged only with taking pictures of her body.

Later on in the case, during the cross-examination of prosecutrix, she was asked, and answered in the affirmative, if she had had prior acts of intercourse with a Roy Harris; she was then asked if she had not begun such immoral conduct when she was only twelve years old; she answered in the negative, and the court on his own motion said, "Now, counsel, I don't want you to * * * ." at which time the state objected to any questions about when her immoral conduct began; the court sustained the objection and instructed the jury not to consider anything that may have occurred at that early age, and the following occurred:

"MR. NORMAN: Defendant objects to the Court's ruling whereby he may not be permitted to show the past actions and conduct of the State's witness, when such past actions and conduct—

"COURT: Hold it, there, now; don't go into what they were; I'm going to send you to jail if you don't quit trying to tell this jury what I am ruling on here."

Appellant excepted to the remarks of the court.

In McCool v. State, 159 Tex. Cr. Rep. 432, 264 S. W. 2d 734, we reversed a conviction where the trial court in the presence of the jury threatened to hold counsel in contempt of court if he persisted in a certain line of questioning.

In Scott v. State, 72 Tex. Cr. Rep. 26, 160 S. W. 960, this court reversed a conviction where the trial court told a witness, "If you don't indicate where in your best judgment it was, I am going to punish you." See also Echols v. State, 75 Tex. Cr. Rep. 369, 170 S. W. 786.

Our holding that the court erred in making the statements

in the hearing of the jury precludes the necessity of passing upon the correctness of his rulings.

For the reasons pointed out, the judgment is reversed and the cause is remanded.