**Joe CARTWRIGHT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 41210.

Court of Criminal Appeals of Texas.

April 17, 1968.

Gean B. Turner, John R. MacLean, Cleburne, for appellant.

Leon B. Douglas, State's Atty., of Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is aggravated assault; the punishment, a fine of $500.00.

The sole question presented is the refusal of the trial court to grant a mistrial after he had reprimanded appellant's counsel in the presence of the jury. From the record which was forwarded to this Court it appears that without provocation the appellant attacked the injured party, who was years his senior, in the presence of the injured party's family, breaking his jaw, hospitalizing him for a week and causing him to permanently lose feeling in his lower lip due to nerve damage.

These facts are summarized in order to determine if injury has been shown from the following two statements made by the court. Appellant's counsel during the course of his cross examination of the injured party made the following statement: "So, you got a little impetuous and a little impatient and you got out of your car without honking and telling * * *"

At this juncture he was interrupted by the court as follows: "The Court: Now don't tell the witness. Ask him, please sir. Did you ask him whether * * *" Appellant's counsel: "Yes sir. I'm asking him."

Later in the cross examination the following transpired:

"Q. (Appellant's counsel): He (appellant) told you you pushed him down, didn't he?

A. He did. He was mad and * * *

Q. *He sure was.*

THE COURT: Mr. Turner, don't argue with the witness. I instruct the jury not to consider the remarks of the lawyers. Ask the witness and don't argue the case with the witness.

MR. TURNER: All right. Note our exception.—

THE COURT: Exception overruled.

MR. TURNER:—to the ruling of the Court.

THE COURT: Mr. Turner, don't let that happen again or you'll be in contempt of Court if you do."

It is obvious from the above that the court was trying to prevent appellant's counsel from making his own statement of fact in the form of questions.

At the conclusion of the examination of this witness appellant made a motion for mistral based on the judge's remarks in the absence of the jury and the same was overruled.

Two relatively recent cases by this Court must be considered. In O'Brien v. State, 169 Tex.Cr.R. 304, 334 S.W.2d 177, relied upon by appellant, the case was reversed because, among other reasons, the court interrupted an objection and threatened to send appellant's counsel to jail if he didn't "quit trying to tell the jury what I am ruling on here."

In Fleck v. State, Tex.Cr.App., 380 S.W. 2d 621, relied upon by the State, this Court had far stronger language from the trial court than we have here, but we refused to reverse because appellant failed to object.

We do have a form of an objection before us here, but no request that the jury be instructed to disregard the statements of the court, and a belated motion for mistrial.

 If the court feels that it is necessary to admonish counsel, such should ordinarily be done in the absence of the jury, but we have concluded that under the facts here presented, injury has not been shown, nor do we find that appellant's right of cross examination has been unduly limited.

The judgment is affirmed.