**Mark Allen McBRIDE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47798.**

Court of Criminal Appeals of Texas.

Dec. 5, 1973.

**30**

Howard G. Wilson, Dallas, for appellant.

Henry Wade, Dist. Atty., and Harry J. Schulz, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is robbery by assault; the punishment, thirty (30) years.

Appellant plead guilty and asked the jury to grant him probation. The sole ground of error is that the trial court commented on the weight of the evidence during the cross-examination of appellant. Appellant was being questioned about having been convicted in a prior case in Wichita Falls wherein he was given probation. He first denied that he had been so convicted and then became equivocal in his answers.[1] The court then admonished him that the question called for a yes or no answer and when the witness continued to equivocate the court interrupted as follows:

"THE COURT: (interposing) Just a minute. Let me tell him.

1. Eventually after cross-examination by the prosecutor appellant admitted that he had been convicted for forgery in Wichita County and placed on probation and that he had made a false statement when he made application for probation in the case at bar.

"You understand the question, he's asking you if on the date that he stated, in the cause number he stated, in Wichita Falls, if you were convicted of forgery and placed on probation for a period of three years.

"Now, that calls for a yes or no answer."

To which counsel objected:

"MR. WILSON: I am going to object to this, Your Honor, telling the witness he understands the question, as a comment on the evidence—"

Reliance is had upon dicta found in Drake v. State, 65 Tex.Cr.R. 282, 143 S.W. 1157, and Herridge v. State, 127 Tex.Cr.R. 284, 76 S.W.2d 522; upon Bratcher v. State, 125 Tex.Cr.R. 498, 69 S.W.2d 86, and Vasquez v. State, 163 Tex.Cr.R. 16, 288 S.W.2d 100, both of which were affirmed; and upon McIntyre v. State, 141 Tex.Cr.R. 497, 149 S.W.2d 966, which last case requires some discussion.

The opinion in McIntyre v. State, supra, does not reflect that the defendant did admit that in fact he had been convicted on a worthless check case, so as to bring the facts within those before us here.

We conclude rather that Kennison v. State, 104 Tex.Cr.R. 391, 283 S.W. 813, is more nearly in point. In that case, this Court held that a restatement by the court of a question propounded by a District Attorney, apparently in an effort to clarify the question raised by the District Attorney, was not so injurious to the defendant as to call for a reversal. See, also, Adams v. State, 165 Tex.Cr.R. 523, 309 S.W.2d 245.

We hold that the statement of the court regarding the witness' understanding of the question and the restatement of the

Prior to making this final admission and while appellant was being evasive, the complained of matter occurred.

same was not injurious to appellant and was not such a remark as is calculated to convey to the jury his opinion of the case in violation of Art. 38.05, Vernon's Ann.C. C.P.

Finding no error, the judgment is affirmed.