Jacquelyn H. DREWETT, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–84–259CR.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 31, 1985.

Hogan Stripling, David B. Dickinson, Houston, for appellant.

John B. Holmes, Dist. Atty., J. Harvey Hudson, Asst. Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

## OPINION

ROBERTSON, Justice.

The jury rejected appellant's plea of not guilty to driving while intoxicated and assessed punishment at sixty days confinement in the Harris County jail, probated for two years, and a fine of $300. The issue presented by this appeal concerns the effect of a failure by the police to video tape a person arrested for driving while intoxicated. We affirm.

The state's evidence of intoxication was, without question, sufficient to sustain a conviction. While both appellant and her husband, who was in the automobile with her at the time of the arrest, denied intoxication, the sufficiency of the evidence is not challenged and a review of the evidence in that regard is unnecessary.

Appellant presents four grounds of error on appeal, the disposition of which is governed by an interpretation of Senate Bill 1, Chapter 303, Section 24, 68th Legislature—Regular Session. (So far as we can determine, this specific provision has not been codified into Vernons Texas Statutes, but is included as a "note" in both TEX.CIV. CODE ANN. art. 6701*l*–1 (Vernon Supp. 1984) and in the TEX. PENAL CODE ANN. § 19.05 (Vernon Supp.1984). Section 24, in its entirety, provides:

Section 24.

(a) Each county with a population of 25,-000 or more according to the most recent federal census shall purchase and maintain electronic devices capable of visually recording a person arrested within the county for an offense under Article 6701*l*–1, Revised Statutes, or Subdivision (2), Subsection (a), Section 19.05, Penal Code.

(b) The sheriff of the county shall determine upon approval by the county commissioners court the number of devices necessary to ensure that a peace officer arresting a defendant for an offense listed in Subsection (a) of this section may visually record the defendant's appearance within a reasonable time after the arrest.

(c) The fact that an arresting officer or person acting on behalf of the state failed to visually record a person arrested for an offense listed in Subsection (a) of this section is admissible at the trial of the offense if the offense occurred in a county required to purchase and maintain electronic devices under this section.

This statute had an effective date of January 1, 1984. The instant offense was committed on January 18, 1984.

The only factual basis for appellant's grounds of error was developed on cross-examination of the arresting officer when she elicited the following:

Q. Did you offer to give her a video?

A. No, sir. We did not.

Q. Is it true that you did not have a video or the machinery for the video at that time?

A. That is correct, sir.

Q. So it was impossible to give her a video tape of her taking the field sobriety test; is that correct?

A. Yes, sir. We had no means to do it with.

Q. Because somebody had failed to provide you with the proper equipment or any equipment; is that correct?

A. I don't know why we did not have it. We did not have it and we could not video tape it.

Q. Did you have the equipment?

A. No, sir. We did not have the equipment.

Q. And this was on January the 18th, 1984?

A. Yes, sir.

Q. So obviously someone failed to provide you with the equipment?

A. As I stated, I cannot testify as to why we did not have it because I do not know.

Q. Was there a video tape machine anywhere else in the police department at the time?

A. The only one that I know for sure that I can testify is out in the police academy.

Q. Where is the police academy located?

A. Out on Aldine-Westfield.

Q. Is that for giving lectures and so forth?

A. Yes, sir.

The trial court instructed the jury:

You are instructed that under the laws of Texas, a county with a population of 25,000 or more is required to provide electronic devices capable of visually recording a person immediately after his arrest for the offense of driving while intoxicated. Evidence has been introduced in this case that such electronic device was not available in Harris County on January 18, 1984, and that therefore the officer failed to visually record the defendant in this case. This is no evidence that the defendant was intoxicated or was not intoxicated. In your deliberations you shall not consider for any purpose, allude to, comment on or discuss the unavailability of the recording as evidence that the defendant was or was not intoxicated. This evidence has been admitted for the sole purpose of showing, if you so find, the unavailability of a required visual recording at the time of the arrest and the reason therefor.

In her first ground of error appellant contends the court erred in instructing the jury that the absence of an "electronic recording of the defendant at the time of the arrest" could not be considered "as evidence of her intoxication or lack of intoxication" as such was contrary to law and in the second ground she contends the instruction constituted a comment on the weight of the evidence. Appellant groups both grounds for discussion and we will do likewise.

While appellant's argument is far from clear, it appears to be her position that even if the electronic devices capable of visually recording the person arrested were not available, the fact that the arresting officer did not visually record the accused would be "positive circumstantial evidence of her innocence at the trial of the matter, as allowed by that statute." The question concerning the interpretation to be given to the statute where the arresting officer consciously and intentionally refuses to "visually record" the accused when equipment in proper working order is available for that purpose is not before us for review. While we recognize serious questions concerning the application of this extremely vague statute, we reserve a discussion of that issue for a case where properly presented.

In order to constitute proper evidence in Texas, the evidence must be material and relevant. Tex.R.Evid. 401 (Vernon 1983). In this case, the evidence that appellant was not video taped because the police did not have the equipment was probative neither of guilt nor innocence. As such, the

trial court's instruction to the jury that the failure of the police to video tape appellant was "no evidence that the defendant was intoxicated or was not intoxicated" was not a comment on the weight of the evidence.

We furthermore cannot agree with appellant's argument that the "instruction was calculated to injure the rights of the defendant to have the absence of the video tape considered as part of the operative circumstantial evidence that she was not-in-fact intoxicated on the evening of January 18, 1984...." Appellant's first two grounds are overruled.

In her two final grounds, appellant contends the court erred in failing to grant her motion for directed verdict because the arresting officer had failed to video tape her following her arrest. In view of our disposition of appellant's first and second grounds, we need not address these issues.

The judgment is affirmed.

ELLIS, Justice, dissenting.

Finding myself in disagreement with the other members of the panel, I would like to record my respectful dissent.

This is an appeal from a judgment of conviction for the misdemeanor offense of driving while intoxicated. The jury found appellant, Jacquelyn H. Drewett, guilty and the court assessed her punishment at sixty (60) days confinement in the Harris County Jail, which was probated for two (2) years, and a $300 fine. I would reverse and remand for a new trial.

Appellant brings four grounds of error on appeal. In her first ground of error she asserts that the trial court erred in charging the jury that they could not consider the absence of an electronic recording of appellant at the time of her arrest as evidence of her intoxication or lack of intoxication because such instruction was contrary to Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1 note, p. 105 (Vernon Supp.1985), which mandates such recording devices. As a second ground of error appellant asserts that the court erred in instructing the jury regarding the electronic recording of appel-

lant because such instruction constituted an impermissible comment on the weight of the evidence which was calculated to prejudice the rights of the defendant. In her third ground of error, she alleges that the trial court violated her rights guaranteed by the Texas Constitution by failing to direct a verdict for appellant because the State failed to make a videotape recording of appellant. Her last ground of error asserts that the trial court erroneously overruled appellant's motion for directed verdict because the State failed to electronically record appellant at or near the time of her arrest.

On January 18, 1984, Houston Police Officer James Campbell observed an automobile swerving from side to side in its lane on a public street in Houston, Harris County, Texas. He also observed the automobile leave its lane during the swerving and almost sideswiped another vehicle. The officer pulled the swerving vehicle over after observing it pull into another lane just in front of an approaching vehicle. The driver got out of the car as Officer Campbell was approaching the vehicle. Campbell identified the driver of the swerving car as appellant.

Campbell testified that appellant wobbled, swayed, and was extremely unsure of her balance. He noticed that appellant had a strong odor of alcohol on her breath. He described her attitude as "extremely argumentative", "cocky", "insulting", and "uncooperative." Appellant was able to recite the alphabet only to the letter "S". Officer Campbell administered an on the scene balance test in which appellant wobbled and swayed. Appellant missed placing her finger on her nose two times. When all the tests were finished, the officer determined that appellant was intoxicated. He arrested appellant for driving while intoxicated. At the police station, appellant attempted to take an intoxolizer test but could not supply a sufficient air sample. The officer testified that, in his opinion, appellant could not complete the test because she was drunk.

Appellant testified on her own behalf. She said that she had had only four (4) alcoholic mixed drinks over the course of the evening. She testified that on the night she was arrested, she did not cross lanes without leaving a safe distance between the approaching cars and her car. She claimed that she was not swaying that night nor was she unsure of her balance. She explained her inability to complete the alphabet as the result of having no children and, thus, no need to recite the alphabet. She blamed her inability to complete a breathalyzer at the police station on her nervousness.

Appellant, in her first ground of error, argues that the court erred in charging the jury that it could not consider the absence of a videotape recording of appellant at the time of her arrest as evidence of her intoxication or lack of intoxication. She claims the instruction was contrary to TEX. REV.CIV.STAT.ANN. art. 6701*l*–1 note, p. 105 (Vernon Supp.1985) which mandated such videotaping equipment be made available in Harris County. In her second ground of error appellant asserts that the trial court erred in instructing the jury on the videotaping of appellant because it was an impermissible comment on the weight of the evidence. She claims it violated TEX. CODE CRIM.PRO.ANN. arts. 36.14, 38.05 (Vernon 1979 and Supp.1985). Articles 36.14 and 38.05 require, among other things, that the trial judge not express any opinion as to the weight of the evidence. We agree with both grounds of error. Appellant complains of the following jury instruction . . .

You are instructed that under the laws of Texas, a county with a population of 25,000 or more is required to provide electronic devices capable of visually recording a person immediately after his arrest for the offense of Driving While Intoxicated. Evidence has been introduced in this case that such electronic [videotape] device was not available in Harris County on January 18, 1984, and that therefore the officer failed to visually record the defendant in this case. This is no evidence that the defendant was intoxicated or was not intoxicated.

In your deliberations you shall not consider for any purpose, allude to, comment on or discuss the unavailability of the recording as evidence that the defendant was or was not intoxicated. This evidence has been admitted for the sole purpose of showing, if you so find, the unavailability of a required visual recording at the time of the arrest and the reason therefor.

TEX.REV.CIV.STAT.ANN. art. 6701*l*–1 note, p. 105 (Vernon Supp.1985) requires that:

(a) Each county with a population of 25,000 or more according to the most recent federal census *shall* purchase and maintain electronic devices capable of visually recording a person arrested within the county for an offense under Article 6701L–1, Revised Statutes, or Subdivision (2), subsection (a), Section 19.05, Penal Code.

(b) The sheriff of the county shall determine upon approval by the county commissioners court the number of devices necessary to ensure that a peace officer arresting a defendant for an offense in Subsection (a) of this section *may* visually record the defendant's appearance within a reasonable time after the arrest.

(c) The fact that an arresting officer or other person acting on behalf of the state failed to visually record a person arrested for an offense listed in Subsection (a) of this section is admissible at the trial of the offense if the offense occurred in a county required to purchase and maintain electronic devices under this section. (emphasis ours).

The statute was effective on January 1, 1984, just eighteen (18) days before appellant's arrest. It makes possession of videotape devices by the affected counties mandatory, and Harris County falls within this statute. Officer Campbell was questioned by appellant's counsel about the lack of a videotape recording of appellant:

Q. Did you offer to give her a video?

A. No, sir. We did not.

Q. Is it true that you did not have a video or the machinery for the video at the time?

A. That is correct, sir.

Q. So it was impossible to give her a video tape of her taking the field sobriety test; is that correct?

A. Yes, sir. We had no means to do it with.

Q. Because somebody had failed to provide you with the proper equipment or any equipment; is that correct?

A. I don't know why we did not have it. We did not have it and we could not video tape it.

Q. Did you have the equipment?

A. No, sir. We did not have the equipment.

Q. And this was on January the 18th, 1984?

A. Yes, sir.

Q. So obviously someone failed to provide you with the equipment?

A. As I stated, I cannot testify as to why we did not have it because I do not know.

Q. Was there a video tape machine anywhere else in the police department at the time?

A. The only one that I know for sure that I can testify is out in the police academy.

Q. Where is the police academy located?

A. Out on Aldine-Westfield.

Q. Is that for giving lectures and so forth?

A. Yes, sir.

First, the court's instruction was a misstatement of the law. The law provides that the lack of a videotape recording is admissible at trial. The legislature did not prohibit the admissibility of such evidence. However, in the instant case, the court prevented the use of the lack of the videotape recording by instructing the jury that:

In your deliberations *you shall not consider for any purpose, allude to, comment on or discuss the unavailability of the recording as evidence* that the defendant was or was not intoxicated. This evidence has been admitted for the sole purpose of showing, if you so find, the unavailability of a required visual recording at the time of the arrest and the reason therefor. (emphasis ours).

This clearly is not the law. The law states that the fact that *an arresting officer failed to visually record a person* arrested for an offense listed in Subsection (a), of Senate Bill 1, Section 24, *is admissible at the trial of the offense* if the offense occurred in a county required to purchase and maintain electronic devices under this section. The judge has instructed the jury contrary to what the law dictates which is clearly error.

The court's instruction was also a comment on the weight of the evidence. The instruction stated that evidence showed that videotape equipment was not available in Harris County on the date of the arrest, January 18, 1984, and that was the reason that Officer Campbell failed to visually record appellant in this case. The record does not show that videotape equipment was not available in Harris County on January 18, 1984. The only witness who testified to the availability of the videotape devices was Officer Campbell, an officer with the Houston Police Department. He was not qualified to testify to the availability of videotape recording devices in the Houston Police Department or in Harris County, Texas. He stated that the video tape equipment was not available to him and that he did not know why. He did not say that it was not available to the Houston Police Department.

We find that both errors harmed appellant and deprived her of a fair and impartial trial. The test for harmless error is whether there is a reasonable possibility that the evidence or error complained of might have contributed to the conviction or affected the punishment assessed. *Johnson v. State*, 660 S.W.2d 536 (Tex.Crim. App.1983). In our case the instruction constituted a misstatement of the law and a comment on the weight of the evidence. By preventing the consideration by the jury

of the lack of a videotape recording of appellant, the court eliminated the defense's argument that the lack of such a recording was a result of the officer's fear of being contradicted as to his opinion of appellant's sobriety. The unavailability of a plausible explanation of the lack of a recording might have, in reasonable probability, contributed to the conviction of appellant.

By instructing the jury that it could not consider the absence of the videotape recording evidence for *all purposes or without limitation,* the trial court's instruction was calculated to injure the right of appellant to have the absence of the videotape recording considered by the jury as part of the operative circumstantial evidence that she was not in fact intoxicated on January 18, 1984, some eighteen (18) days after the legislature directed Harris County to provide such devices. *Tew v. State,* 551 S.W.2d 375 (Tex.Crim.App.1977); *O'Brien v. State,* 169 Tex.Crim. 304, 334 S.W.2d 177 (Crim.App.1960). The presence of this impermissible and erroneous instruction deprived appellant of a fair and impartial trial, and she is therefore entitled to a reversal of the judgment and a new trial.

Since I would reverse on the first two grounds of error, I need not consider the other grounds of error.