SHERMAN CLAYTON V. THE STATE.

No. 16735. Delivered June 27, 1934.

The opinion states the case.

*C. R. Newland* and *S. I. Cornett,* both of Linden, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for eight years.

Oakley v. The State, 125 Texas Crim. Rep., 258, 68 S. W. (2d) 204, is a companion case.

Deceased was appellant's three and one-half-year-old daughter. She was a mute and a paralytic. Paul Oakley, Coy Oakley, appellant and his wife had embraced the Apostolic faith. Paul Oakley was obsessed with the idea that he was endowed with the power to relieve the sick and afflicted. Appellant believed that Paul Oakley had this power, and permitted him to attempt the cure of his small daughter. A witness for the State testified that he went to the Clayton home and saw Paul Oakley holding deceased on the floor with one hand on her throat and the other hand on her forehead "churning" the child up and down. Appellant was sitting on a bench nearby looking toward the top of the house, holding up his hands and shouting. Later, Oakley appeared at a neighbor's house and stated that the child was dead. An examination of deceased's body disclosed a number of bruises on her body and finger prints on her throat.

Appellant testified that he had faith in Paul Oakley's ability to heal the sick; that when he permitted him to treat deceased he did not believe Oakley would hurt her; that he did not know that Oakley was injuring the child; that he (appellant) was not looking at deceased during the time Oakley was treating her, but was shouting and praying.

It was appellant's defense that he did not act with Oakley as a principal; that he had entered into no agreement with Oakley to kill the child, and that Oakley's act was on an independent impulse. Appellant's counsel, in his argument to the jury, had contended that the evidence was not sufficient to warrant a conviction. Answering this contention, the district attorney in his closing argument said: "The defense attorneys have insisted that the testimony of the State is not sufficient for a conviction. Now, gentlemen of the jury, if the testimony was not sufficient for a conviction, the court could have told you and could have instructed you, but he has not done so and if you believe the testimony then it is sufficient for a conviction. The court can instruct you to return a verdict of not guilty but he has not done so in this case."

Appellant objected to the argument on the ground that the district attorney was attempting to lead the jury to believe that the court was of the opinion that appellant should be convicted and requested the court to withdraw the argument. The court overruled the objection and refused to withdraw the remarks from the jury. The argument was susceptible of the construction that the trial judge believed appellant was guilty or he would have instructed the jury to return a verdict of not guilty. The court in the jury's presence, in effect, ratified the statement of the district attorney by overruling the objection and refusing to withdraw the argument. Under the facts the argument was obviously of a nature to impair the rights of appellant, and to improperly prejudice his case before the jury. See Branch's Ann. Tex. P. C., sec. 362. Article 707, C. C. P., expressly provides that the trial judge shall not "at any stage of the proceedings previous to the return of a verdict, make any remark calculated to convey to the jury his opinion of the case." If he had said to the jury in the present case that unless the evidence was by him thought sufficient to justify a conviction he would have instructed them to acquit accused, it would of course have been a direct violation of the statute, and a reversal would of necessity follow. If the district attorney's argument conveyed to the jury the idea that the court would have given such instruction unless he believed the evidence sufficient then the court's action in declining to withdraw the argument and in overruling the objection thereto in the presence of the jury, could not be regarded by them other than as an approval by the court of what the district attorney had said, and the result would necessarily and manifestly be prejudicial. The remarks in question might not call for a reversal in every case, but here a serious question is presented as to the sufficiency of the evidence. Under the circumstances we think the incident presents reversible error.

Bill of exception number seven recites that several witnesses would have testified, if permitted, that they had been closely associated with appellant, had been in his home, and had observed that he was very affectionate toward deceased. The court would not permit the testimony but stated that the facts and circumstances bearing on the question of affection might be stated. We think the testimony should have been received. When the opinion is the mere shorthand rendering of the facts it may be given in evidence, subject to cross-examination as to the facts on which it is based. Branch's Ann. P. C., sec. 132. We think the statement the witnesses would have made consti-

tuted a shorthand rendering of the facts.   Meyers v. State, 37 Texas Crim. Rep., 210.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*