JIM VASKE v. STATE

No. 28,451. October 3, 1956.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) November 21, 1956.

*Burks & Brown,* by *Clifford W. Brown,* Lubbock, for appellant.

*Lloyd A. Wicks, Jr.,* County Attorney, Crosbyton, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for driving a motor vehicle upon a public highway while intoxicated; the punishment, 15 days in jail and a fine of $100.

Appellant was arrested about 8 P.M. while driving an automobile upon a public highway. The arresting officer was Texas Highway Patrolman, Calvin Harrell.

Patrolman Harrell, as well as Sheriff J. T. Herrington and two of his deputies into whose custody appellant was delivered after his arrest, testified and expressed the opinion that appellant was intoxicated.

Appellant denied that he was intoxicated and gave his explanation of his car weaving on the highway, as the patrolman testified that it did. He denied that he had drunk beer from the partially empty quart beer bottle the patrolman found in his automobile, and testified that he did not know the bottle was in the car until the officer found it.

The testimony of appellant and his witness was to the effect that a case or more of beer was consumed by appellant and his kinsmen prior to 11:30 A.M., appellant having drank two cans. Also, among the beer opened in the automobile during the morning, was a quart bottle which appellant testified spewed and spilled on him and the car when it was opened.

In view of this testimony, we are at a loss to see how appellant could have been prejudiced because the county attorney was permitted "to argue with the defendant upon his cross-examination as a witness, relative to whether or not the defendant was constitutionally opposed to beer."

In his argument to the jury the county attorney, referring to Patrolman Harrell, argued: "And, he says that the defendant here was drunk. Now, that is what he says. And, I asked him if he was heavily intoxicated or lightly intoxicated. Now, gentlemen, if there is any fault to be laid to that testimony it probably should be at my door because of the way I asked that question. Calvin Harrell is an honest police officer and he told you, no, he wouldn't say that he was heavily intoxicated. But he did say that he was drunk."

Appellant objected to the argument that Mr. Harrell was an honest man, as being out of the record, and sought to have the statement withdrawn from the jury's consideration.

634

We do not understand that the county attorney was attempting to bolster the credibility of the officer as a witness by matters outside the record, as contended by appellant.

To the contrary, it appears that the county attorney drew the impression that Mr. Harrell was an honest officer from the answers of the witnesses before the jury.

The remarks were not such as to call for reversal. Langley v. State, 129 Tex. Cr. R. 254, 86 S.W. 2d 755.

The evidence is sufficient to sustain the conviction and we find no reversible error.

The judgment is affirmed.