**Jerry Robert RIDDLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 35010.**

Court of Criminal Appeals of Texas.

Dec. 5, 1962.

Rehearing Denied Jan. 16, 1963.

Ben Henderson, Dallas, for appellant.

Henry Wade, Dist. Atty., Neal English and Emmett Colvin, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The offense is driving while intoxicated; the punishment, confinement in jail for four months and a fine of $200.

The record is before us without a statement of facts.

By informal bill of exception presented in a transcript of the jury argument in the case, appellant complains of a remark made by state's counsel during his closing argument, in which counsel stated that he was vouching for the testimony of the officers in the case. The bill of exception certifies that the court sustained appellant's objection to such statement, instructed the jury to disregard the same, and overruled appellant's motion for mistrial.

As a general rule, bills of exception to jury argument cannot be appraised in the absence of a statement of facts of the evidence adduced upon the trial. Walker v. State, 169 Tex.Cr.R. 531, 335 S.W.2d 843.

It is only where the bill of exception sets out all of the facts necessary to enable the court to determine the matter

that a complaint to jury argument may be considered in the absence of a statement of facts. 5 Tex.Jur.2d, Sec. 166, page 263; Melton v. State, 103 Tex.Cr.R. 590, 281 S. W. 560.

While counsel in jury argument should not attempt to bolster the credibility of his witness, in the absence of a statement of facts of the evidence adduced upon the trial in the present case, including the testimony of the officers, we are unable to say that the remark of state's counsel was injurious to appellant and calls for a reversal of the conviction. Elliott v. State, 156 Tex.Cr.R. 502, 243 S.W.2d 839; Barnes v. State, 159 Tex.Cr.R. 78, 261 S.W.2d 597; Rice v. State, 161 Tex.Cr.R. 89, 275 S.W. 2d 105.

The judgment is affirmed.

Opinion approved by the court.