**J. C. WOODARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 35863.**

Court of Criminal Appeals of Texas.

June 5, 1963.

**624**

———◆———

Leland D. Sutton, El Paso, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, 60 days in jail and a fine of $500.00.

In view of our disposition of this case, a recitation of the facts is not called for other than to observe that there were no aggravating circumstances involved and only one peace officer was called as a witness.

There are two formal bills of exception and an informal bill relating to the same argument. Since the court qualified one of the formal bills and not the other, a conflict would appear to exist, and we will look to the informal bill. From it, it appears that during prosecutor's closing argument he made the following statements, the following objections were made, and the rulings of the court as set out were made as follows:

"* * * And I say to you, if you can't believe an officer who has been on your police force, whom you are paying

indirectly by your taxes, for a period of nine years, who can you—

"MR. SUTTON: Excuse me, Mr. Miles. Your Honor, he is trying to bolster his witness. That is the unsworn testimony of the County Attorney. And I object to it and ask the Court to instruct the jury not to consider that line of argument.

"THE COURT: Overrule the objection.

"MR. SUTTON: Note our exception.

"MR. MILES: I have a little better faith in the officers that we have on this police force—that you have on this police force, that under the direction of Warren Dodson and the City Commission. And he has been on this police force for nine years. And he saw that man, J. C. Woodard—

"MR. SUTTON: Your Honor, he is trying to bolster his own witness. And I object to it—

"MR. MILES: Talking about the—

"MR. SUTTON: May I make my objection, please, sir?

"THE COURT: Overrule the objection.

"MR. SUTTON: I would like to ask that you instruct the jury not to consider that line of argument.

"THE COURT: Overrule the objection.

"MR. SUTTON: Note my exception."

The prosecutor here went further than those in Rice v. State, 161 Tex.Cr.R. 89, 275 S.W.2d 105, and Vasek v. State, 163 Tex. Cr.R. 632, 294 S.W.2d 810, and told the jury that they were paying the officer witness's salary and that since the City Commission had retained him in office for so long the Commission must have had confidence in his integrity.

In Womack v. State, 160 Tex.Cr.R. 237, 268 S.W.2d 140, we reversed a conviction where the prosecutor described the officer witnesses as fine citizens and fine men and cited McCool v. State, 159 Tex.Cr.R. 432, 264 S.W.2d 734, where the court had stated that the officer witness had been vouched for and was a qualified officer.

See also Puckett v. State, 168 Tex.Cr.R. 615, 330 S.W.2d 465, 81 A.L.R.2d 1237, wherein my brother Woodley dissented, and the cases under Texas Digest, Crim.Law 720(5).

For the error set forth, the judgment is reversed and the cause is remanded.

WOODLEY, Presiding Judge (dissenting).

This is not a case where the testimony of the witness referred to in argument was in conflict with the testimony of another witness. The testimony of the witness James D. Self was uncontradicted, and was to the effect that he had been with the Abilene Police force for over 9 years, during which time he had seen persons who were under the influence of intoxicating liquor, and that in his opinion the appellant was drunk when he stopped him about 3:30 A.M. while he was driving an automobile on Danville Drive, a public road in the City of Abilene.

Some vodka which the witness testified he found in the front seat of the car was introduced in evidence, and the officer testified that the appellant had the odor of alcohol about him and, in response to his question as to how much he had had to drink, the appellant " * * * said he had had too much."

In Womack v. State, 160 Tex.Cr.R. 237, 268 S.W.2d 140, the opinion pointed out that the issue of the defendant's intoxication was sharply contested and the complained of remarks were laudatory of the officers.

Also we reversed the conviction in Brown v. State, 165 Tex.Cr.R. 535, 309 S.W.2d 452, and properly so, because of the argument of the county attorney: "These officers are the most courteous and truthful men in the enforcement of the law." This we held constituted unsworn testimony used to bolster the credibility of the witness.

In Puckett v. State, 168 Tex.Cr.R. 615, 330 S.W.2d 465, 81 A.L.R.2d 1237, the argument which the majority held was ground for reversal was: "I am telling you that they (the arresting officers) are telling you the truth."

On the other hand, we affirmed the conviction in Rice v. State, 161 Tex.Cr.R. 89, 275 S.W.2d 105, the county attorney argued: "Are you going to say to these officers that you are not going to believe them when they hold up their hands and swear that he was intoxicated?" Our holding was: "We cannot say that this was an unfair argument, especially in the absence of the evidence as to what the officers had actually testified to on the trial."

There is nothing in the testimony of Officer Self which would render inapplicable the holding in Rice v. State.

In Vasek v. State, 163 Tex.Cr.R. 632, 294 S.W.2d 810, the county attorney argued that the witness was "an honest officer." We overruled the objection that this remark was out of the record.

As I see it, the remarks here complained of referred to facts that were in evidence or which are common knowledge, unless it be the reference to the officer witness working under the directions of one Warren Dodson.

There is nothing in the record to indicate that any harm resulted from this reference.

In fact the appellant is in no position to contend that any of the complained of remarks were harmful, he having agreed to the court's qualification of one of his bills of exception certifying "that such argument did not harm the rights of the defendant and the defendant was not denied a fair and impartial trial."

If we are to disregard the trial court's certification in the formal bills, and consider only the transcript of arguments, the complained of remarks do not warrant reversal because they were clearly in reply to and invited by argument of counsel for the appellant wherein he stated to the jury:

"The only evidence in this record that the man had been drinking at all is what Officer Self said. And he said, 'Oh, he was drunk. He was drunk—' I am not saying that Officer Self would mislead you, but I would say that he just doesn't know what he is talking about. Now he said he had been on that police force for nine years. And yet he didn't know what the shoulder of a road was—Then, he comes in here and they ask you to take the testimony of a man like that and convict a citizen like J. C. Woodard here, a responsible man in our County."