**Charles Edward THOMAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 46393.

Court of Criminal Appeals of Texas.

June 27, 1973.

Kerry P. Fitzgerald and John Bass, Dallas, for appellant.

Henry Wade, Dist. Atty., and James B. Scott, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

Appellant was convicted of the offense of robbery by assault; punishment was assessed at 10 years' confinement.

Two grounds of error are raised.

Appellant argues that reversible error was committed when, in final argument, the prosecutor stated:

"* * * Well, now, I will tell you right now that if the State did not bring you what we were supposed to bring you, that Judge Gossett wouldn't have let this trial get this far. There would have been entered what is known in law as instructed verdict.

"MR. BASS: I object to this. He's inferring you're going to help him prosecute. This is inadequate.

"THE COURT: I've told the jury I wasn't helping either side, Counsel. Go ahead."

Appellant relies upon Clayton v. State, 126 Tex.Cr.R. 565, 73 S.W.2d 527 (1934). There, the cause was reversed because of a similar statement. This Court held that, where the defense counsel objected and requested the court to withdraw the argument, the court erred in overruling such objection. The effect of the court's ruling was to convey to the jury the idea that he approved of what the district attorney had said. Further, in the Clayton case, there was a serious question presented as to the sufficiency of the evidence.

■ We conclude that the prosecutor's remarks in the present case do constitute error; we decline, however, to reverse the cause on this ground. Though admittedly a close question, we do not find the Clayton case sufficiently analogous. In the present case, the appellant never even obtained a ruling on his objection; no motion to disregard was made. Unlike Clayton, the trial judge's action here could not be construed as approval of the prosecutor's conduct. In fact, the judge specifically told the jury he wasn't helping either side. Finally, the evidence in the present case is more than sufficient. The first ground of error is overruled. See also, Walker v. State, 169 Tex.Cr.R. 531, 335 S. W.2d 843 (1960).

In appellant's other ground, he complains of the trial judge's actions in the handling of a certain witness. Such action, he contends, amounted to a comment upon the weight of the evidence. Defense counsel was cross-examining the complaining witness as to where the robbery took place. The witness who was robbed when appellant pulled a knife on him stated that the offense took place outside the "Tastee Freeze." The following colloquy then occurred:

"Q Was it under the roof of the Tastee Freeze?

"A Yes, sir.

"THE COURT: Now, let's don't have any big drawings of Tastee Freeze.

"MR. FITZGERALD [Defense Counsel]: This is the first time in the trial it's been brought out, first, that this took place outside of the store. We are asking only that this witness draw a rough diagram.

"THE COURT: He probably couldn't draw it. I doubt if he could.

"MR. FITZGERALD: Your Honor, can we ask him? Can you draw a rough diagram of the store?

"THE COURT: You're just taking up a lot of time with these diagrams.

"THE WITNESS: I could try.

"MR. FITZGERALD: Would you do it for us?

"THE COURT: You could go out there, take a picture of it, couldn't you?

"MR. FITZGERALD: Judge, we don't have the burden of proof in this case. I object to the Court's remarks as a comment on the weight of the evidence, and putting burden on the Defendant."

A further reading of the record indicates that the jury was apparently shown an instrument, the use of which allowed the witness to show where he was standing when robbed. Nevertheless, appellant argues that the effect of the judge's action was to tell the jury that "very little faith could be placed in the diagram as such and probably in his testimony regarding the diagram. . . . ." If what appellant says is true, we question why he would complain, since the effect would be to discredit the credibility of the *complaining witness.*

■ The propriety of the judge's remarks is certainly questionable, but we do not find the comments to be reasonably calculated to prejudice appellant or to benefit the State. Article 38.05, Vernon's Ann.C.C.P.

Appellant's pro se briefs contain no meritorious arguments.

The judgment is affirmed.