Opinion issued March 17, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NOS. 01-09-00844-CR, 01-09-00845-CR

———————————

DENNIS GONZALEZ, Appellant

V.

THE State of
Texas, Appellee



 



 

On Appeal from the 179th District Court

Harris County, Texas



Trial Court Case Nos. 1228927, 1228928

 



 

O P I N I O N

Appellant, Dennis Gonzalez, appeals a judgment finding him guilty of sexual
assault for penetrating the complainant’s sexual organ and aggravated sexual
assault for penetrating the complainant’s anus. 
See Tex. Penal Code Ann. §§ 22.011(a)(1)(A), 22.021(a)(1)(A)(i) (West 2007).  In five issues,
appellant contends that the evidence establishing aggravated sexual assault is
legally and factually insufficient; that the indictment concerning penetration
of the complainant’s sexual organ is materially defective; that his conviction
for sexual assault of the complainant’s sexual organ was a lesser-included
offense of his conviction for aggravated sexual assault of the complainant’s anus
and precluded by double jeopardy; that the State employed improper jury
arguments; and that the trial court erred by admitting testimony from a witness
not listed in the State’s notice of intent to introduce extraneous offenses.  We conclude that the evidence is sufficient, that
the indictment is not materially defective, that appellant’s conviction for
sexual assault is not precluded by double jeopardy, that the State’s jury
arguments were proper, and that appellant has failed to show any harm from the
omission of the witness from the State’s notice of intent to introduce
extraneous offenses.  We affirm.

Background

          One
afternoon in September 2007, the complainant went to visit her boyfriend at a
hotel room.  At around 1:00 a.m. on the
following morning, the complainant and her boyfriend argued.  Upset, the complainant left the hotel and
began walking down the street.  A gray
car approached and stopped next to her. 
Appellant, the driver, asked her if she needed a ride.  She said yes and entered the car, sitting in
the front passenger seat.  She began
directing appellant to her home, but he drove into a neighborhood and parked on
the side of the street.  Appellant told
her, “I know you’re a prostitute.”  The
complainant denied that she was a prostitute. 
Appellant grabbed her hand tightly. 
He instructed her to remove her clothes and threatened to hurt and kill
her if she did “anything funny.”  Too
scared to fight back, she complied. 
Appellant took her clothes, cell phone, and money. 

          Appellant
pulled his pants down and forced her to perform oral sex on him.  After a while, he then instructed her to
recline the passenger seat.  Appellant
positioned himself on top of her and penetrated her sexual organ with his
sexual organ.  Crying, the complainant begged
him to stop, but appellant told her to shut up.

          A
while later, appellant instructed her to turn over onto her stomach, facing
down.  Appellant then penetrated her anus
with his sexual organ.  The complainant
was immediately in pain.  Placing his hand
around her neck in a chokehold, appellant told her, “I’ll hurt you.”  For a short time, the complainant was unable
to breathe.  After ejaculating in her
anus, appellant ordered her to take her clothes and exit the car.  The complainant never consented to any type
of sexual contact with appellant.

          In
only her shorts, socks, and bra, the complainant ran down the street.  Seeing a house with its lights on, she began
knocking on the door, saying, “Help.” 
The complainant told the man who answered the door what had
happened.  The man loaned her a shirt and
called the police.  An officer arrived
around 6:06 a.m.  The complainant
told the officer that she had been forced into a car and the driver had
penetrated her sexual organ with his sexual organ.  She stated that she did not want to be
examined and did not want to file a police report.  Nevertheless, the officer called an
ambulance.

          The
ambulance took the complainant to the hospital. 
There, a nurse performed a sexual assault examination.  The complainant told the nurse that the
driver had exited the car and forced her to enter.  The complainant also told her that the driver
had sex with her “in the front and back.” 
The nurse noted two bruises on the complainant right forearm.  Using cotton swabs, the nurse collected
specimens from the complainant’s sexual organ and anus.  Testing revealed the presence of sperm in
both specimens.  In the sexual-organ
specimen, further DNA analysis identified sperm from at least two sources, of
which appellant was possibly, but not definitively, one.  In the anal specimen, DNA analysis identified
sperm from only one source, which was from appellant.

          Two
indictments for aggravated sexual assault each alleged that on or about
September 13, 2007, by the use of physical force and violence, appellant
compelled the complainant to submit and participate, and by his acts and words,
appellant placed the complainant in fear that serious bodily injury would be
imminently inflicted on her.  One of
these indictments alleged that appellant intentionally or knowingly caused the
penetration of the complainant’s sexual organ with his sexual organ.  The second indictment asserted that appellant
intentionally or knowingly caused the penetration of the complainant’s anus
with his sexual organ without her consent. 
    Prior to voir dire, appellant’s
trial counsel objected on the ground that the “two indictments allege the same
offense against the same victim, the same day.” 
The trial court overruled the objection. 
Before the jury, appellant was arraigned on these charges, to which he
pleaded “not guilty.”  

          During
cross-examination of the complainant, appellant’s trial counsel asked the
complainant if she had ever been convicted for prostitution.  The complainant responded, “No.”  Asking again, counsel elicited the
complainant’s admission that she was convicted for prostitution in June 2009,
which was almost two years after these offenses occurred.

          Appellant’s
trial counsel made no objection to the charges. 
For both jury charges, the jury was instructed that if it was not
convinced that the act constituted aggravated sexual assault, it could convict for
the lesser-included offense of sexual assault. 
On the charge of aggravated sexual assault of the complainant’s sexual
organ, the jury returned a verdict of guilty for the lesser-included offense of
sexual assault.  On the charge of
aggravated sexual assault of the complainant’s anus, the jury returned a
verdict of guilty.  

          Immediately
preceding the punishment phase, appellant objected to the State offering a
witness whom it did not listed in its notice of intent to
introduce extraneous offenses.  The State’s
notice indentified two sexual assaults committed by appellant against Cambio
and Castillo, each of whom testified during the punishment phase.  The notice failed to list the aggravated sexual
assault committed against Ortiz. 
However, one month prior to trial, the State filed a notice of intent to
introduce business records.  Among those
records is the jail card for appellant’s arrest for the aggravated sexual assault
charge against him involving Ortiz, pending in the same district court.  Finding that appellant had received actual
notice from the State about the assault against Ortiz, the trial court
overruled appellant’s objection.

          In
the sentencing phase, Ortiz testified that in April 2006, she
was walking down the street at around 6:30 a.m. when a silver car approached
and stopped next to her.  Appellant, the
driver, asked her if she needed a ride.  Ortiz
said yes and entered the car, sitting in the front passenger seat.  She began directing appellant to her
destination, but he drove the opposite way. 
While he was still driving, appellant reached over with his right arm,
placing the witness in a headlock. 
Appellant then parked in front of an elementary school.  He instructed her to remove her pants.  Appellant threatened that he would hurt her
if she did not perform oral sex on him. 
She complied.  After a few minutes
of oral sex, appellant threatened to hurt her if she did “anything
stupid.”  Appellant told the witness she
had a choice to be raped “in the front or the back.”  In preparation for the next stage of the
sexual assault, appellant began adjusting the center console when the witness
saw an opportunity to escape.  She
unlocked the door and stepped out of the car, but appellant followed.  Grabbing her hair, appellant began punching
and dragging the witness.  Appellant then
reentered his car and drove away quickly, almost running over the witness.

          Appellant’s
trial counsel cross-examined Ortiz concerning statements she made during an
earlier presentation of a police photo array.  Counsel also cross-examined Ortiz on the
details of appellant’s car and the composite sketch.

          Appellant
stipulated to having a prior conviction for prostitution in 2000 and for
possession of a controlled substance in 2006. 
The jury assessed appellant’s sentence on the sexual assault at 20 years’
imprisonment and on the aggravated sexual assault at life imprisonment.

Sufficiency of the Evidence

          In
his second issue, appellant contends that his conviction for aggravated sexual
assault is legally and factually insufficient because the jury’s sexual-assault
conviction in one of the charges implies that he did not commit the aggravating
conduct during the criminal transaction. 
He also suggests that the complainant lacked credibility.

          A.      Standard of Review

An appellate court reviews legal and factual sufficiency
challenges using the same standard of review. 
Green v. State, No. PD-1685-10,
2011 WL 303818, at *1 (Tex. Crim. App. Jan. 26, 2011) (not designated for
publication); Ervin v. State, No.
01-10-00054-CR, 2010 WL 4619329, at *2–4 (Tex. App.—Houston [1st Dist.] Nov.
10, 2010, pet. ref’d) (construing majority holding of Brooks v. State,
323 S.W.3d 893, 912, 926 (Tex. Crim.
App. 2010)).  Under this standard,
evidence is insufficient to support a conviction if considering all record
evidence in the light most favorable to the verdict, a factfinder could not
have rationally found that each essential element of the charged offense was
proven beyond a reasonable doubt.  See Jackson
v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); In re Winship, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071 (1970); Brooks, 323 S.W.3d at 899 (plurality op.);
Laster v. State, 275 S.W.3d 512, 517 (Tex. Crim.
App. 2009); Williams v. State,
235 S.W.3d 742, 750 (Tex. Crim. App. 2007).  Evidence is
insufficient under this standard in four circumstances:  (1) the record contains no evidence probative
of an element of the offense; (2) the record contains a mere “modicum” of
evidence probative of an element of the offense; (3) the evidence conclusively
establishes a reasonable doubt; and (4) the acts alleged do not constitute the
criminal offense charged.  See Jackson, 443 U.S. at 314, 318 n.11,
320, 99 S. Ct. at 2786, 2789 & n.11; Laster, 275 S.W.3d at 518; Williams,
235 S.W.3d at 750.  The sufficiency of
the evidence is measured by the elements of the offense as defined in a
hypothetically correct jury charge, which is one that accurately sets out the
law, is authorized by the indictment, does not unnecessarily increase the
State’s burden of proof or unnecessarily restrict the State’s theories of
liability, and adequately describes the particular offense for which the
defendant was tried.  Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997).  If an appellate court finds the evidence
insufficient under this standard, it must reverse the judgment and enter an
order of acquittal.  See Tibbs v. Florida, 457 U.S. 31, 41, 102 S. Ct. 2211, 2218
(1982).

An appellate court determines whether the necessary inferences are
reasonable based upon the combined and cumulative force of all the evidence
viewed in the light most favorable to the verdict.  Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (quoting Hooper v. State, 214 S.W.3d 9, 16–17
(Tex. Crim. App. 2007)).  When the record
supports conflicting inferences, an appellate court presumes that the factfinder
resolved the conflicts in favor of the verdict and defers to that
resolution.  Jackson, 443 U.S. at 326, 99 S. Ct. at 2793;
Clayton, 235 S.W.3d at 778.  An
appellate court likewise defers to the factfinder’s evaluation of the
credibility of the evidence and weight to give the evidence.  Williams, 235 S.W.3d at 750.  In viewing the record, direct and circumstantial evidence
are treated equally:  circumstantial
evidence can be as probative as direct evidence, and circumstantial evidence
alone can be sufficient to establish guilt. 
Clayton, 235 S.W.3d at 778 (quoting Hooper, 214 S.W.3d at 13).

          B.      Applicable Law

          A
person commits sexual assault if he intentionally or knowingly “causes the
penetration of the anus or sexual organ of another person by any means, without
that person’s consent . . . .” 
Tex. Penal Code Ann. § 22.011(a)(1)(A).  A sexual assault is “without consent” if “the
actor compels the other person to submit or participate by the use of physical
force or violence.”  Id. §
22.011(b)(1).  A person commits
aggravated sexual assault if he additionally “by acts or words places the
victim in fear that . . . serious bodily injury . . . will
be imminently inflicted on any person . . . .”  Id.
§ 22.021(a)(1)(A)(i),
(2)(A)(ii).

          C.      Analysis

          Appellant
sexually assaulted the complainant in three different ways:  First, he required her to perform oral sex on
him.  Second, he penetrated her sexual
organ.  Third, he penetrated her anus.  By finding appellant guilty of the
lesser-included offense of sexual assault of the second assault, the jury
implicitly determined that when he penetrated the complainant’s sexual organ,
he did not by acts or words place the complainant in fear that serious bodily
injury would be imminently inflicted on her.  See Stephens v. State, 806 S.W.2d 812, 833–34 (Tex. Crim. App. 1990) (“[A] verdict finding
the defendant guilty of a lesser included offense is treated as an implied
acquittal of the greater offense where such a verdict is accepted by the trial
court and both the greater offense and the lesser included had been submitted
to the trier of fact during the trial.”). 
During the time when the first and second assaults occurred, appellant
grabbed her hand tightly, threatened to hurt and kill her, causing her to submit
to him because she feared him.

          During
the time when the third sexual assault occurred, while penetrating the complainant’s
anus, appellant placed his hand around her neck
in a chokehold, causing her to be unable to breath.  Viewed in the light most favorable to the
verdict, we conclude that the complainant’s testimony shows that by his act of putting
the complainant in a chokehold that caused her to stop breathing, appellant
placed the complainant in fear that serious bodily injury would be imminently
inflicted on her.  We hold that the jury
could have rationally found beyond a reasonable doubt that appellant committed
aggravated sexual assault based on the penetration of the complainant’s anus.  See
Collins v. State, 2 S.W.3d 432, 438
(Tex. App.—Houston [1st Dist.] 1999, pet. ref’d) (evidence legally sufficient
to show that defendant placed complainant in fear that serious bodily injury
would imminently result where he placed her in chokehold).  Because appellant’s physical attack of
the complainant varied in intensity from the first two sexual assaults to the
third sexual assault, the jury was not irrational in finding that only the
third penetration, when appellant choked the complainant, constituted
aggravated sexual assault.

          Appellant
also contends that the complainant’s credibility can be discounted because of
inconsistencies between her trial testimony and what she told the police and
sexual-assault-examination nurse, as well as her initial failure to admit her prior
conviction.  The jury heard the
complainant’s testimony, and we defer to
the factfinder’s evaluation of credibility. 
See Williams, 235 S.W.3d at 750. 
We hold the evidence is sufficient to establish aggravated sexual
assault of the complainant’s anus.

          We overrule appellant’s second issue.

Variance

          In
his third issue, appellant contends that there was a material variance between
the proof at trial and the indictment for aggravated sexual assault alleging
the penetration of the complainant’s sexual organ because the indictment fails
to include the words “without consent.” 
At the outset, we note that appellant was not convicted of the
aggravated sexual assault alleged in that indictment but was instead convicted
of the lesser-included offense of sexual assault.

          “A
‘variance’ occurs when there is a discrepancy between the allegations in the
charging instrument and the proof at trial.” 
Gollihar v. State,
46 S.W.3d 243, 246 (Tex. Crim. App. 2001). 
“In a variance situation, the State has proven the defendant guilty of a
crime, but has proven its commission in a manner that varies from the
allegations in the charging instrument.” 
Id.  An immaterial variance may be
disregarded.  Id. at 250.  A variance is
material only if it prejudices a defendant’s substantial rights.  Id.
at 247–48.  A variance prejudices a defendant’s
substantial rights if (1) the indictment, as written, fails to inform the
defendant of the crime charged so as to allow him to prepare an adequate
defense at trial or (2) the indictment would subject the defendant to the risk
of being prosecuted later for the same crime. 
Id. at 248.

          Appellant
accurately points out that the indictment based on the penetration of the
complainant’s sexual organ fails to include the words “without consent,” which
is an essential element of both sexual assault and aggravated sexual assault.  See Tex.
Penal Code Ann. §§ 22.011(a)(1)(A),
22.021(a)(1)(A)(i). The indictment, however, includes one of the statutory
definitions for “without consent” by alleging that appellant compelled the
complainant to submit or participate by the use of physical force or violence.  See id.
§ 22.011(b)(1).  We conclude that there is no variance between
the indictment and the evidence, which showed appellant used physical force to
grab the complainant’s hand tightly while threatening to kill her if she did
not submit to him.  See Gollihar, 46 S.W.3d
at 247–49 (applying a materiality
requirement, a variance between the indictment and proof did not surprise or
prejudice defendant’s rights). 

          We overrule appellant’s third issue.

Double Jeopardy

          In
his first issue, appellant contends that he is being unconstitutionally
punished multiple times for the same offense. 
Specifically, appellant contends that the act of penetrating the
complainant’s sexual organ and the act of penetrating the complainant’s anus
constitute a single offense because both acts occurred as part of a single,
continuous, and uninterrupted criminal transaction and both acts are proscribed
by the same statutory subsection in the Penal Code.  He asserts that there is no clear indication
that the Texas Legislature intended multiple punishments in this situation. 

          The
Double Jeopardy Clause protects an accused “from being punished more than once
for the same offense in a single prosecution.” 
Gonzales v. State, 304 S.W.3d
838, 845 (Tex. Crim. App. 2010).  While
noting that the Blockburger rule[1] is the “traditional
indicium of legislative intent[,]” the court stated that the rule “is only a
tool of statutory construction—and not
even an exclusive one.”  Id. 
In addition to the Blockburger
test, the Court of Criminal Appeals indicated other considerations relevant to
determining legislative intent:

whether the offenses[’]
provisions are contained within the same statutory section, whether the
offenses are phrased in the alternative, whether the offenses are named
similarly, whether the offenses have common punishment ranges, whether the
offenses have a common focus (i.e. whether the “gravamen” of the offense is the
same) and whether that common focus tends to indicate a single instance of
conduct, . . . and whether there is legislative history containing an
articulation of an intent to treat the offenses as the same or different for
double jeopardy purposes.

 

Id. (citing Ex parte Ervin, 991 S.W.2d 804, 814
(Tex. Crim. App. 1999); see also Missouri
v. Hunter, 459 U.S. 359, 368–69, 103 S. Ct. 673, 679 (1983) (“Where . . . a legislature
specifically authorizes cumulative punishment under two statutes, regardless of
whether those two statutes proscribe the ‘same’ conduct under Blockburger, a court’s task of statutory
construction is at an end and the prosecutor may seek and the trial court or
jury may impose cumulative punishment under such statutes in a single trial.”).

          Using
these factors, the Gonzales court
analyzed whether the Legislature intended the statutory subsection proscribing
intentionally or knowingly “caus[ing] the penetration of the anus or sexual
organ of a child by any means” to create two separate offenses.  Tex.
Penal Code Ann. §§ 22.011(a)(2)(A),
22.021(a)(1)(B)(i); Gonzales, 304
S.W.3d at 846.  Except that the statutory
provision at issue here concerns an unconsenting adult rather than a child, the
key statutory language analyzed in Gonzales,
namely, “the penetration of the anus or sexual organ,” is identical.  Compare
Tex. Penal Code Ann. §§ 22.011(a)(1)(A), 22.021(a)(1)(A)(i) with id. §§ 22.011(a)(2)(A), 22.021(a)(1)(B)(i).  Like appellant, Gonzales had been twice convicted
of sexual assault based on a single criminal transaction for penetrating a
child’s sexual organ and also for penetrating the child’s anus.  Gonzales,
304 S.W.3d at 845.  In interpreting the
key statutory language, the court noted that the subsection proscribes two acts
using separate and disjunctive phrases.  Id. at 849.  The court explained:

[S]uch specificity in a
conduct-oriented statute ordinarily reflects a legislative intent that each
discretely defined act should constitute a discrete offense.  Penetration of the anus constitutes a
discrete act from penetration of the sexual organ, even if they occur within a
short period of time.  That both the anus
and sexual organ may be anatomically located in the “genital area” does not
render the separate acts of penetration the “same” offense for double-jeopardy
purposes.

 

Id.  The court held that a conviction for sexual
assault for penetrating a child’s sexual organ and another for penetrating a
child’s anus does not violate the Double Jeopardy Clause.  Id.  Because with respect to the analogous
statutory subsection describing conduct involving children, the Court of
Criminal Appeals has determined that the phrase “penetration of the anus or
sexual organ” contemplates separate convictions for penetration of the sexual
organ and of the anus even in a single criminal transaction, we conclude that
the court’s analysis compels the same conclusion in the statute pertaining to
sexual assaults of adults.  See id.

          Surmising
that the Court of Criminal Appeals must have decided Gonzales on the Texas Double Jeopardy Clause, appellant suggests we
are not bound by the Court of Criminal Appeals’ decision in Gonzalez with respect to his federal
constitutional challenge.  Gonzalez, however, was decided under the
federal constitution.  Id. at 845.  Furthermore, appellant presents no argument
or authority why the Texas Constitution would compel a result different from
the federal Constitution.  Following Gonzalez, we hold the dual convictions
in this case are not barred by double jeopardy. 
See id. at 849.

          We
overrule appellant’s first issue.

Improper Closing Arguments

          In
his fourth issue, appellant challenges two comments made by the State during
its closing arguments.  Appellant further
contends that the trial court failed to cure the State’s improper jury arguments
with a limiting instruction. 

          A.      Applicable Law

          The
approved areas of jury argument are (1) summation of the evidence, (2) reasonable
deduction from the evidence, (3) answer to the argument of opposing counsel,
and (4) plea for law enforcement.  Wesbrook v. State, 29 S.W.3d 103, 115
(Tex. Crim. App. 2000); Andrade v. State,
246 S.W.3d 217, 229–30 (Tex. App.—Houston [14th Dist.] 2007, pet. ref’d).  A prosecutor may argue his opinion concerning
a witness’s credibility or the truth of witness’s testimony only if the opinion
is based on reasonable deductions from the evidence and does not constitute
unsworn testimony.  McKay v. State, 707 S.W.2d 23, 37 (Tex. Crim. App. 1985); Graves v. State, 176 S.W.3d 422, 431
(Tex. App.–Houston [1st Dist.] 2004,
pet. struck).  Wide latitude is allowed without limitation in
drawing inferences from the evidence, so long as the inferences drawn are
reasonable, fair, legitimate, and offered in good faith.  Gaddis
v. State, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988).  In examining challenges to a jury
argument, a court considers the remark in the context in which it appears.  Id.

          An
argument exceeding the permissible bounds of these approved areas constitutes
reversible error only if an analysis of the record as a whole shows the
argument is extreme or manifestly improper, violates a mandatory statute, or
injects new facts harmful to the accused into the trial proceeding.  Wesbrook,
29 S.W.3d at 115; see also Hawkins v.
State, 135 S.W.3d 72, 79 (Tex. Crim. App. 2004).  In assessing the harm of an improper
argument, an appellate court looks to three factors:  “(1) severity of the misconduct (the
magnitude of the prejudicial effect of the prosecutor’s remarks); (2) measures
adopted to cure the misconduct (the efficacy of any cautionary instruction by
the judge); and (3) the certainty of conviction absent the misconduct (the
strength of the evidence supporting the conviction).”  Mosley
v. State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998).

          A
party may present on appeal a complaint that a jury argument was improper only
if the record shows that (1) he timely and properly objected to trial court and
(2) the trial court (a) overruled the objection, either expressly or
implicitly, or (b) refused to rule on the objection, and the party objected to
the refusal.  Tex. R. App. P. 33.1(a); Gutierrez
v. State, 36 S.W.3d 509, 510–11 (Tex. Crim. App. 2001); Cockrell
v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996).  A trial court implicitly rules on a matter if
“its actions or other statements otherwise unquestionably indicate a
ruling.”  Gutierrez, 36 S.W.3d at 511 n.1 (Tex. Crim. App. 2001).

          B.      Analysis 

          During
his closing argument, appellant’s trial counsel explained to the jury that
prostitution is a crime of moral turpitude and that a person convicted for a
crime of moral turpitude “has a little trouble telling the truth.”  Counsel pointed out that the complainant lied
under oath when initially asked if she had been convicted for
prostitution.  Counsel also emphasized
the inconsistency between the complainant’s testimony that she voluntarily
entered appellant’s car and prior inconsistent statements made to the
responding police officer and sexual-assault-examination nurse.  Counsel then explained that in order for the
jury to convict appellant, it would have to believe the complainant’s testimony
“100 percent.”

          In
its closing argument, the State explained that it was not asking the jury to
believe everything to which the complainant had testified.  Concerning the complainant’s June 2009
conviction for prostitution, the State argued:

It would be ridiculous if I
asked to [sic] you believe everything [the complainant said].  But what you need to think about is why can
you believe her as to the event of September 13th 2007?

 

I don’t know if she was
prostitute on [the] date [that appellant sexually assaulted her].  I don’t know if it was something based on the
traumatic, horrific experience that [appellant] put her through, which led to
the violation of her body which led to the I don’t care anymore, it’s over,
which led her to prostitution two years later. 
I don’t know.

 

Appellant objected on the ground that this argument
was speculation.  The trial court,
without expressly sustaining or overruling the objection, stated to the jury, “Ladies
and gentlemen, you are the triers of fact. 
You are the judges.  And
. . . you have heard the evidence and you will make your own
decision.”

          The
State then explained that there was no evidence that the complainant was a
prostitute on the date that appellant sexually assaulted her.  The State posed the rhetorical question of
why, assuming she was a prostitute at the time of the assault, would she lie to
the police, the sexual-assault-examination nurse, the investigator, and the
jury when doing so could jeopardize her ability to make money
prostituting.  Pointing out that the complainant
had cried during her testimony, the State rebuffed its own question:  “No, ladies and gentlemen, what she told you
on that stand was the truth.  When she
told you that she was violated by that man, by [appellant] in his car on
September 13th, 2007, that was the truth.” 
Appellant objected on the ground that the State had interjected its own
opinion into its closing argument.  The
trial court again explained to the jury, “Ladies and gentlemen, you are the
triers of fact.  You are able to make
deductions from the facts that have been given to you.”  Appellant’s trial counsel asked what the
court’s ruling on the objection had been. 
The trial court clarified that it had overruled the objection.

          In
this appeal, appellant first challenges the State’s comment that it did not
know if the prostitution was the result of this sexual assault.  The trial court, however, did not rule on
this objection.  The court stated, “Ladies
and gentlemen, you are the triers of fact. 
You are the judges.  And
. . . you have heard the evidence and you will make your own
decision.”  We hold that appellant waived
any error by failing to obtain a ruling on his objection.  See
Tex. R. App. P. 33.1(a); Gutierrez, 36 S.W.3d at 511; Cockrell, 933 S.W.2d at 89; Grayson v. State, 192 S.W.3d 790, 793
(Tex. App.—Houston [1st Dist.] 2006, no pet.) (trial court’s response “Let’s
proceed” did not constitute implied overruling of objection).  

          Appellant’s
second challenge to the State’s argument concerns the following statement:

Not only on [the night of
the sexual assault], but she’s going to come in here [to court] and she’s such
a great actress, she’s going to sit up there and cry when she tells you these
horrendous details[?]

 

No, ladies and gentlemen,
what she told you on that stand was the truth. 
When she told you that she was violated by that man, by [appellant] in
his car on September 13th, 2007, that was the truth.

 

On appeal, appellant contends that this argument
improperly comments on the weight of the evidence and introduces unsworn
testimony regarding the complainant’s credibility.

          As it
explained to the jury, the State based its opinion that the complainant
testified truthfully on reasonable deductions from corroborating evidence,
including the complainant’s demeanor while testifying.  See
Good v. State, 723 S.W.2d 734, 736–37 (Tex. Crim. App. 1986) (prosecutor’s argument that witness was honest
was reasonable deduction from witness’s testimonial demeanor, which is
considered to be in evidence).  The State
explained that the occurrence of the assaults was corroborated by the
responding police officer’s testimony and the sexual-assault-examination
nurse’s medical record, which both maintained that the complainant was emotionally
distraught on the morning of the assaults. 
See Vasek v. State, 294 S.W.2d
810, 811 (Tex. Crim. App. 1956) (counsel drew impression that witness was
honest based on answers of other witnesses). 
We hold that the State’s comment relating to the complainant’s
credibility is a proper jury argument based on a reasonable deduction from the
evidence.  See McKay, 707 S.W.2d at 37.

          We
overrule appellant’s fourth issue.

Admission of Evidence During Punishment Phase

          In
his fifth issue, appellant contends that the trial court erred by admitting
testimony from Ortiz because that sexual assault was not listed in the State’s
notice of intent to introduce extraneous offenses.  

          A.      Applicable Law

          During
the punishment phase, “evidence may be offered by the state and the defendant
as to any matter the court deems relevant to sentencing . . . .”  Tex. Code
Crim. Proc. Ann. art. 37.07 § 3(a)(1) (West Supp. 2010). 
“On timely request of the defendant [to the attorney representing the State],
notice of intent to introduce evidence under this article shall be given in the
same manner required by Rule 404(b), Texas Rules of Evidence.”  Tex. Code
Crim. Proc. Ann. art. 37.07 § 3(g).  Rule 404(b) requires
that “reasonable notice [be] given in advance of trial of intent to introduce
in the State’s case-in-chief such evidence other than that arising in the same
transaction.”  Tex. R. Evid. 404(b); Worthy
v. State, 312 S.W.3d 34, 37 (Tex. Crim. App. 2010).  The Court of Criminal Appeals has explained
that the purpose of notice requirement provided in Texas Rule of Evidence
404(b) is to prevent surprise.  Hayden v. State, 66 S.W.3d 269, 272
(Tex. Crim. App. 2001).  

          “The
admission of an extraneous offense into evidence during the punishment phase
when the State failed to provide notice required by statute is
non-constitutional error.”  Ruiz v. State, 293 S.W.3d 685, 695 (Tex.
App.—San Antonio 2009, pet.
ref’d); Roethel v. State, 80 S.W.3d
276, 281 (Tex. App.—Austin
2002, no pet.).  An appellate court may
reverse a judgment of conviction or punishment based on a non-constitutional
error only if that error affected the defendant’s substantial rights.  Tex.
R. App. P. 44.2(b).  “A
substantial right is affected when the error had a substantial and injurious
effect or influence in determining the jury’s verdict.”  King v.
State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing Kotteakos v. United States, 328 U.S.
750, 776, 66 S. Ct. 1239, 1253 (1946)).  “[W]hen
substantively admissible Rule 404(b) evidence is improperly admitted because of
the State’s failure to comply with the Rule 404(b) notice provision[,]
. . . the error . . . may have had a substantial effect or
influence on the jury’s verdict, but it cannot be said that this effect or
influence was ‘injurious’ if the defendant was not surprised by the
evidence.”  Hernandez v. State, 176 S.W.3d 821, 825 (Tex. Crim. App.
2005).  We find the Court of Criminal
Appeals’ reasoning applicable here because Rule 404(b) is incorporated by
reference into the provisions of the Code of Criminal Procedure relevant
here.  See Sharp v. State, 210 S.W.3d 835, 839–40 (Tex. App.—Amarillo 2006, no pet.) (applying harm standard articulated in Hernandez to analyze harm under Tex. Code Crim. Proc. Ann. art. 37.07 § 3(g)).

          B.      Analysis

          It is
undisputed that appellant never requested notice of the State’s intent to offer
evidence of extraneous offenses to be used at the punishment phase.  Article 37.07 requires the State give notice
only “[o]n timely request of the defendant[.]” 
Tex. Code Crim. Proc. Ann.
art. 37.07 § 3(g).  Under the plain terms of the Code, the
State’s failure to give notice about Ortiz is not error.  See id.  However, two intermediate courts of
appeals have determined that when “the State voluntarily furnishes notice of
extraneous acts absent any request by the defendant, it is bound by the ‘four
corners’ of the notice.”  Ruiz, 293 S.W.3d at 694–95 (citing Blackmon
v. State, 80 S.W.3d 103, 108 (Tex. App.—Texarkana 2002, pet. ref’d)). 
Assuming that the State was bound to the notice given, we hold any error
was harmless because appellant has not shown unfair surprise by the evidence.

          Appellant
does not contend, here or at trial, that Ortiz’s testimony caused him surprise;
that the omission from the State’s notice prevented him from preparing a
defense; or that had he known the State intended to offer her testimony, his
defense would have differed.  See Hernandez,
176 S.W.3d at 825; Sharp, 210 S.W.3d
at 839–40 (finding any error in
admitting evidence of extraneous offense during punishment phase harmless
despite failure to provide notice because appellant did not contend that
witness’s testimony caused him surprise, that omission from notice prevented
him from preparing a defense, or that had he known, his defense would have
differed).  The record shows that the
sexual assault of Ortiz was a charge pending in the same court as these charges
and the trial court determined appellant had actual notice about Ortiz’s
claims.  We hold that appellant has
failed to show that any error in the admission of Ortiz’s testimony affected
his substantial rights.  See Hernandez,
176 S.W.3d at 825.

          We
overrule appellant’s fifth issue.

Conclusion

We affirm the judgment of the trial court.

 


                                                          Elsa
Alcala

                                                          Justice


 

Panel consists
of Chief Justice Radack and Justices Alcala and Bland.

 

Publish.  See
Tex. R. App. P. 47.2(b).











[1]           Under the Blockburger
rule, an act or transaction that violates two distinct statutory provisions
will be construed as two separate offenses if each provision requires proof of
a fact that the other does not.  Whalen v. United States, 445 U.S. 684,
692, 100 S. Ct. 1432, 1438 (1980); Blockburger
v. United States, 284 U.S. 299, 304, 52 S. Ct. 180, 182 (1932).  The Whalen
Court explained:  “The assumption
underlying the [Blockburger] rule is
that Congress ordinarily does not intend to punish the same offense under two
different statutes.  Accordingly, where
two statutory provisions proscribe the ‘same offense,’ they are construed not
to authorize cumulative punishments in the absence of a clear indication of
contrary legislative intent.”  Whalen, 445 U.S. at 691–92, 100 S. Ct. 1432, 1437–38 (1980).